**In re Robert Arlin GIER, Debtor-Appellant,**

**Robert Arlin GIER, Appellant,**

v.

**FARMERS STATE BANK OF LUCAS, KANSAS, Appellee.**

No. 91–3242.

United States Court of Appeals, Tenth Circuit.

Feb. 5, 1993.

tion of his Chapter 13 bankruptcy plan and dismissing his Chapter 13 bankruptcy petition. We exercise jurisdiction under 28 U.S.C. §§ 158(d) and 1291 and affirm.

Robert Arlin Gier and his wife, Ruth Ann Gier, filed a Chapter 7 bankruptcy petition in late 1983. They listed approximately $350,000 in secured debt and $480,000 in unsecured debt. On September 26, 1986, the Bankruptcy Court for the District of Kansas ruled that Mr. Gier had willfully and maliciously converted cattle that were the collateral of Farmers State Bank of Kansas ("Farmers"). The bankruptcy court therefore held that $42,959.21 of Mr. Gier's debt to Farmers was nondischargeable. The court discharged the Giers' dischargeable debts under Chapter 7 on June 7, 1988.

On December 17, 1987, Mr. Gier alone filed a Chapter 13 bankruptcy petition. His schedules showed secured debt of approximately $67,000 and unsecured debt of about $67,000. The unsecured debt included $47,000 owed to Farmers, about $11,000 owed to his lawyers, and other miscellaneous debts.

Mr. Gier filed a three-year plan proposing to pay $75 per month to the trustee for disbursement under the plan. This payment schedule would provide about a four percent total payment on the unsecured debt. Mr. Gier proposed to deal with his secured debt outside the plan. After payments on the plan and the unsecured debt, the projected cash flow for Mr. Gier's farming operation showed an annual surplus of $820, or approximately $70 per month.

Jan Hamilton (Leon Graves with him on the briefs), of Hamilton, Peterson, Tipton & Keeshan, Topeka, KS, for debtor-appellant.

Kenneth L. Cole, of Woelk and Cole, Russell, KS, for appellee.

Before LOGAN, TACHA, and EBEL, Circuit Judges.

TACHA, Circuit Judge.

Debtor-appellant Robert Arlin Gier appeals a district court order affirming a bankruptcy court order denying confirma-

Farmers objected to the plan, arguing that Mr. Gier had proposed the plan in bad faith. After considering this circuit's decision in *Flygare v. Boulden*, 709 F.2d 1344 (10th Cir.1983), the bankruptcy court agreed. The bankruptcy court therefore denied confirmation of his plan and dismissed his Chapter 13 petition. After hearing Mr. Gier's motion to reconsider the judgment, the court explained that it had dismissed the petition altogether, rather than allow Mr. Gier to file an amended plan, because it found that he had filed the

petition in bad faith as well. The District Court for the District of Kansas determined that the bankruptcy court's order denying confirmation of the plan and dismissing Mr. Gier's Chapter 13 petition was not clearly erroneous.

On appeal, Mr. Gier argues that the district court erred because the bankruptcy court's finding that he had both proposed his plan in bad faith and filed his petition in bad faith was clearly erroneous.[1] We address his arguments regarding the plan and the petition in turn.

■ Section 1325(a) of the Bankruptcy Code provides that a bankruptcy court must confirm a Chapter 13 plan if it meets each of six requirements. 11 U.S.C. § 1325(a). The third requirement is that "the plan has been proposed in good faith and not by any means forbidden by law." *Id.* § 1325(a)(3). Because the bankruptcy court's § 1325(a)(3) inquiry into the debtor's good faith is a factual one, *see Flygare*, 709 F.2d at 1347, both the district court and the court of appeals must accept the bankruptcy court's finding unless it is clearly erroneous, *see In re Mullet*, 817 F.2d 677, 678 (10th Cir.1987).

In *Flygare*, we adopted a "totality of the circumstances" approach to § 1325(a)(3) good faith inquiries which is designed to aid the bankruptcy court's determination " 'whether the plan constitutes an abuse of the provisions, purpose or spirit of Chapter 13.' " 709 F.2d at 1347 (quoting *In re Estus*, 695 F.2d 311, 316 (8th Cir.1982)). The following nonexhaustive list of factors thus guides the bankruptcy court's determination of good faith:

"(1) the amount of the proposed payments and the amount of the debtor's surplus;

(2) the debtor's employment history, ability to earn and likelihood of future increases in income;

(3) the probable or expected duration of the plan;

(4) the accuracy of the plan's statement of the debts, expenses and percentage repayment of unsecured debt and

whether any inaccuracies are an attempt to mislead the court;

(5) the extent of preferential treatment between classes of creditors;

(6) the extent to which secured claims are modified;

(7) the type of debt sought to be discharged and whether any such debt is non-dischargeable in Chapter 7;

(8) the existence of special circumstances such as inordinate medical expenses;

(9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act;

(10) the motivation and sincerity of the debtor in seeking Chapter 13 relief; and

(11) the burden which the plan's administration would place upon the trustee."

*Id.* at 1447–48 (quoting *Estus*, 695 F.2d at 317).

■ The bankruptcy court, following our direction in *Flygare*, examined several of these factors before concluding that Mr. Gier proposed his plan in bad faith. Addressing the first factor, the court found that the proposed monthly payment of $75 was "small" and that the monthly surplus of $70 was in "the questionable range." Addressing the third factor, the court found the proposed three-year plan to be short, but it did note that Mr. Gier agreed to extend it if the court found it necessary. Addressing the fourth factor, the court noted its concern about the inconsistency between Mr. Gier's trial testimony, in which he stated that he had been making restitution payments of $322 per month, and his plan, in which he projected a surplus of $70 while paying $75 per month. The court stated that Mr. Gier failed to explain the $177 discrepancy. Addressing the seventh factor, the court noted that the plan would discharge the bulk of his debt to Farmers that was not dischargeable under Chapter 7. Addressing the ninth factor, the court noted that, although Mr. Gier proposed the plan fifteen months after the court found the Farmers debt to be nondischargeable, it

---

**1.** Because we affirm the dismissal of Mr. Gier's petition, we do not address the question whether Mr. Gier's debts for restitution are dischargeable in Chapter 13.

was before his Chapter 7 case was concluded. Finally, addressing the tenth factor, the court noted that Mr. Gier testified that Farmers was the only creditor pressing him for payment, "thus raising the specter he filed this case solely to discharge his previously nondischargeable debt." Based on this inquiry, the court concluded that Mr. Gier proposed the plan in bad faith.

██ After reviewing the record and the bankruptcy court's findings, we agree with the district court that the bankruptcy court's finding of bad faith was not clearly erroneous. The evidence on the record does not leave us " 'with the definite and firm conviction that a mistake has been committed.' " *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)). Nor has Mr. Gier convinced us that the bankruptcy court relied too heavily on the seventh *Flygare* factor. We recognize that the Code permits serial filings under Chapter 7 and Chapter 13 and that such filings therefore are not per se evidence of bad faith. *See Johnson v. Home State Bank*, — U.S. —, —, 111 S.Ct. 2150, 2156, 115 L.Ed.2d 66 (1991); *In re Rasmussen*, 888 F.2d 703, 705 (10th Cir.1989). In this case, however, the bankruptcy court addressed five other factors before concluding that the totality of the circumstances supported a finding of bad faith. The bankruptcy court conducted its inquiry properly, and therefore we affirm the district court's order affirming the denial of confirmation of the plan. We turn now to the question whether it was proper for the bankruptcy court to dismiss the petition altogether.

██ Mr. Gier argues that because dismissal should not be ordered in all cases where denial of confirmation is appropriate, the bankruptcy court clearly erred in finding that Mr. Gier filed his petition in bad faith. He directs us to the recent case of *In re Love*, 957 F.2d 1350 (7th Cir.1992).

In *Love*, the Seventh Circuit addressed the difference between denying confirmation of a Chapter 13 *plan* under § 1325(a)(3) and dismissing a Chapter 13 *petition* under 11 U.S.C. § 1307(c). The court first noted that § 1307(c) permits a bankruptcy court to dismiss a Chapter 13 petition "for cause" and that "lack of good faith is sufficient cause for dismissal under Chapter 13." *Love*, 957 F.2d at 1354. The court reasoned, however, that because dismissal of a petition and denial of confirmation are governed by different provisions and may occur at different stages of a Chapter 13 case, "a bankruptcy court's rejection of a plan for lack of good faith does not necessarily lead to dismissal." *Id.* It provided the following nonexhaustive list of factors relevant to a § 1307(c) bad faith inquiry:

> the nature of the debt, including the question of whether the debt would be nondischargeable in a Chapter 7 proceeding; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors.

*Id.* at 1357.

██ We join the Seventh Circuit and conclude that in determining whether a Chapter 13 petition has been filed in bad faith under § 1307(c), the bankruptcy court must consider the "totality of the circumstances." *See id.* at 1354–55. This approach is as appropriate for a § 1307(c) inquiry as it is for a § 1325(a)(3) inquiry because in each case it best assists the bankruptcy court's determination " ' "whether or not under the circumstances of the case there has been an abuse of the provisions, purpose, or spirit of [the Chapter]." ' " *Id.* at 1357 (quoting *In re Smith*, 848 F.2d 813, 818 (7th Cir.1988)) (§ 1307(c) inquiry); cf. *Flygare*, 709 F.2d at 1347 (" '[A] finding of good faith requires an inquiry, on a case-by-case basis, into whether the plan abuses the provisions, purpose or spirit of Chapter 13.' " (quoting *Estus*, 695 F.2d at 315–16)) (§ 1325(a)(3) inquiry). Although we agree that the rejection of a Chapter 13 plan should not necessarily lead to dismissal, it is a factor for the bankruptcy court to consider as it determines whether to dismiss the petition pursuant to § 1307(c).

Although the bankruptcy court's original order failed to articulate the analysis underlying its dismissal of Mr. Gier's Chapter 13 petition, the court on reconsideration of that order explained that it based its finding on all the circumstances of the case, not just the circumstances surrounding the plan. For example, the court found that Mr. Gier had given testimony that was inconsistent with his proposed plan and that he was motivated by a desire not to pay his creditors rather than an inability to pay. These findings, bolstered by the court's finding that Mr. Gier filed his plan in bad faith, support the conclusion that Mr. Gier filed his petition in bad faith. We therefore hold that the district court properly found that the bankruptcy court's finding of bad faith filing was not clearly erroneous.[2]

AFFIRMED.

---

**2.** We also note that Mr. Gier filed his Chapter 13 petition *before* he received his Chapter 7 discharge. This practice arguably violates either the rule against seeking discharge of the same debt in two separate bankruptcy proceedings established in *Freshman v. Atkins,* 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193 (1925), or the "single estate rule" first articulated in *Associates Financial Services Corp. v. Cowen,* 29 B.R. 888 (Bankr. S.D.Ohio 1983). *See, e.g., Grimes v. United States,* 117 B.R. 531 (Bankr. 9th Cir.1990) (discussing the two rules); *In re Kosenka,* 104 B.R. 40 (Bankr.N.D.Ind.1989) (same). After considering the parties' supplemental briefs, however, we do not reach this issue. In this case, there was sufficient reason to dismiss Mr. Gier's petition for cause. The fact that he filed his petition before receiving his Chapter 7 discharge is further evidence of his bad faith.