**In re David Clement BAYLESS dba Bayless Enterprises, and Judith Vanessa Bayless, Debtors.**

**No. 99–16164–TS.**

United States Bankruptcy Court, W.D. Oklahoma.

Nov. 4, 1999.

John T. Hardeman, Oklahoma City, OK, for debtor.

Linda Ruschenberg, Oklahoma City, OK, for trustee.

### ORDER DENYING CONFIRMATION AND DIRECTING THE CASE BE DISMISSED

JOHN TeSELLE, Bankruptcy Judge.

### BACKGROUND

Debtors' plan came on for confirmation on October 27, 1999. American Express Centurion Bank, Optima Account, (hereinafter "Creditor") objected to confirmation of Debtors' plan because it does not commit all of Debtors' disposable income to plan payments .while proposing to pay roughly thirty-five percent (35%) of the unsecured claims over the course of 36 months. Debtors responded, alleging Creditor's objection was untimely under this Court's own Guidelines. Creditor argued that its objection is timely according to the Federal Rules of Bankruptcy Procedure, and alternatively argues that this Court may waive its own rules in the interests of justice.

Creditor's objection to Debtors' plan is two-pronged. First, Debtors' plan indicates a payroll deduction of $712.50 per month for contribution to a 401(k) retirement plan. Secondly, the plan allocates $833.74 per month for medical and dental expenses. Debtors' counsel explained at the hearing that this amount was necessary to fund Debtors' fertility treatments. The Court turns now to the discussion of each of these issues.

### APPLICABLE LAW AND DISCUSSION

#### Timeliness

■ The bankruptcy court has discretion to waive its own local court rules in the interests of justice. *See,* Local Bankruptcy Rule 1001(d); *Jones v. Bank of*

*Santa Fe (In Re Courtesy Inns, Ltd.)*, 40 F.3d 1084, 1090 (10th Cir.1994) ("bankruptcy court was not required to follow its own local rule; it retained the power to modify its application in a particular case."); *Dombroff v. Greene (In re Dombroff)*, 192 B.R. 615, 621 (S.D.N.Y.1996); *In re Mesta Machine Co.*, 30 B.R. 178, 181 (Bankr.W.D.Pa.1983). Accordingly, this Court chooses to review Creditor's objection, but admonishes Creditor's counsel to review and conform to the Guidelines of this Court in the future.

## Retirement Income

■ Debtors maintain that voluntary contributions to a retirement savings plan are not part of the disposable income that Chapter 13 debtors are required to pay into the Chapter 13 plan. On the contrary, contributions to a voluntary retirement program, such as those at issue here, are part of Debtors' disposable income. *See, In re Nation*, 236 B.R. 150, 152 (Bankr.S.D.N.Y.1999) ("most courts have perceived an inherent unfairness in a debtor paying himself by funding his own savings account, retirement plan, or pension fund while paying creditors only a fraction of their just claims."). It follows that Debtors have not committed all of their disposable income to the plan, and that their plan cannot be confirmed on this basis alone pursuant to 11 U.S.C. § 1325(a).

## Medical and Dental Expenses

■ Debtors also propose funding fertility treatments through their Chapter 13 plan. Debtors' counsel argues that this is appropriate because cases decided under the Americans with Disabilities Act (hereinafter "ADA") have held procreation to be a "major life activity." The relevance of the ADA to the case at bar is quite simply inscrutable.

The question remains: Are the funds allocated to fertility treatment under the rubric of "medical and dental expenses" exempt from disposable income? This Court answers that question in the negative.

The Court can find no reported cases on the question of elective or discretionary medical treatments of any variety being funded through a Chapter 13 plan. This Court refuses to approve a plan that requires unsecured creditors to subsidize fertility treatments. While having children is a major life activity, it is not a necessary one, or one that cannot be postponed. On the contrary, in the modern era, it is simply another lifestyle choice.

## Debtors' Lack of Good Faith in Proposing Their Plan

■ The bankruptcy court may raise the issue of bad faith *sua sponte* in a Chapter 13 case. *See, Jablonski v. Internal Revenue Service*, 204 B.R. 456, 459 (W.D.Pa.1996), *aff'd* 114 F.3d 1172 (3rd Cir.1997) (unpublished table decision) and 11 U.S.C. § 105(a) ("... No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."). *See also, In re Finney*, 992 F.2d 43, 45 (4th Cir.1993); *Hammers v. Internal Revenue Service*, 988 F.2d 32, 34–35 (5th Cir. 1993); *In re Argus Group 1700, Inc.*, 206 B.R. 757, 763 (E.D.Pa.1997); *In re 183 Lorraine St. Assoc.*, 198 B.R. 16, 32 (E.D.N.Y.1996); *Pleasant Pointe Apts., Ltd. v. Kentucky Hous. Corp.*, 139 B.R. 828, 831 (W.D.Ky.1992); *In re Terra of America Trading, Inc.*, 109 B.R. 516 (Bankr.S.D.Fla.1989).

The plan, as written, is for the statutorily prescribed minimum duration of three

years and permits Debtors, who enjoy a substantial income, to walk away from over half of their unsecured obligations while saving for retirement and undergoing expensive fertility treatments. Debtors' plan appears to be an example of an attempt to manipulate and abuse the bankruptcy system in a manner that this Court will not permit.

In *Flygare v. Boulden,* 709 F.2d 1344, 1347 (10th Cir.1983), the Tenth Circuit adopted a "totality of the circumstances" test to determine whether confirmation of a debtor's proposed chapter 13 plan should be denied on grounds that it was filed in bad faith. The *Flygare* court approved a non-exclusive list of eleven factors to guide courts in evaluating whether a debtor's Chapter 13 plan is proposed in good faith. The following factors set forth in *Flygare* are pertinent to the facts of this case (the numbering of the factors therein set forth is retained):

(1) *the amount of the proposed payments and the amount of the debtor's surplus* —as set forth in the foregoing discussion, it appears Debtors' plan proposes to make inadequate plan payments and thereby retain a surplus which should be used to pay their creditors.

(2) *the debtor's employment history, ability to earn and likelihood of future increases in income* —it is evident that Debtors' disposable income, if devoted to the payment of their creditors would possibly render their bankruptcy filing unnecessary.

(8) *the existence of special circumstances such as inordinate medical expenses* —the special circumstance here is that Debtors are attempting to convert disposable income into medical expenses to fund elective medical procedures.

(10) *the motivation and sincerity of the debtor in seeking Chapter 13 relief* —the

motivation of Debtors appears to be to continue to live a lavish lifestyle at the expense of their creditors.

■ Another relevant factor that may properly be considered in determining a debtor's good faith is "whether the debtor has unfairly manipulated the Bankruptcy Code." *Davis v. Mather (In re Davis),* 239 B.R. 573, 577 (10th Cir. BAP 1999). As noted above, Debtors' plan is an example of such an attempt to manipulate and abuse the bankruptcy system.

A factor which weighs in Debtors' favor is that their plan provides for the payment of 35% of the debts owed unsecured creditors. As has been pointed out above, however, their actual disposable income would permit them to pay a much larger percentage or all of their obligations.

### Dismissal of Debtors' Case for Bad Faith

■ Section 1307(c) provides that a court may dismiss a Chapter 13 proceeding "for cause." Lack of good faith in commencing a case is "cause" for dismissal of a Chapter 13 case. *In re Love,* 957 F.2d 1350, 1354 (7th Cir.1992). As is true with respect to Debtors' plan, in determining whether a Chapter 13 petition has been filed in bad faith under § 1307(c), a bankruptcy court must consider the totality of the circumstances. *Gier v. Farmers State Bank,* 986 F.2d 1326, 1329 (10th Cir.1993); *Davis v. Mather (In re Davis),* 239 B.R. 573, 578–79 (10th Cir. BAP 1999). Several of the factors listed in *Gier* and *Davis* lead the Court to conclude that Debtors' filing in this case was in bad faith, and that the Court can therefore dismiss Debtors' Chapter 13 case for cause pursuant to § 1307(c).

As noted above, the Court believes that Debtors' Chapter 13 plan calls into question Debtors' motive in filing their Chapter 13 petition. Debtors propose to discharge

over half of their unsecured debt while continuing to make contributions to a retirement plan and fund ongoing elective fertility treatments. Debtors' plan reveals that the motivation of Debtors is to continue to live in the same manner as they did pre-petition, yet avoid paying their creditors in full. Further, if Debtors devoted their disposable income to paying their creditors as opposed to funding their retirement account and continuing fertility treatments, they likely have no need for bankruptcy protection at all. At the very least, their creditors would realize substantially more than the 35% payment proposed under Debtors' Chapter 13 plan.

■ In addition to the above-referenced factors, the Court notes that it has rejected Debtor's proposed plan. This is another factor that may be considered by this Court in determining whether to dismiss Debtors' Chapter 13 petition. *Davis v. Mather (In re Davis)*, 239 B.R. 573, 578–79 (10th Cir. BAP 1999).

## DECISION

For the reasons set forth above, Debtors' plan cannot be confirmed and the Court is of the opinion Debtors' case should be dismissed for lack of good faith.

BY THE COURT.