**In the Matter of Donald DAVIS and Robert Holmes Bell, Alleged Debtors.**

No. GG 02–05934.

United States Bankruptcy Court, W.D. Michigan.

May 24, 2002.

Donald Davis, Grand Rapids, MI, pro se.

*AMENDED OPINION REGARDING DISMISSAL OF INVOLUNTARY PETITION WITH PREJUDICE TO REFILING* [1]

JAMES D. GREGG, Chief Judge.

On May 21, 2002, Philip L. Hammond, "Hammond," filed what purports to be an involuntary petition under chapter 7 of the Bankruptcy Code. 11 U.S.C. § 303. The filing of an involuntary petition commences a bankruptcy case. 11 U.S.C. § 303(b).

The court has jurisdiction over this case. 28 U.S.C. § 1334. Determining whether an order for relief should be granted in an involuntary case is a core proceeding. 28 U.S.C. § 157(b)(2)(A); *see also* 11 U.S.C. § 303(h) (which mandates that the court shall determine whether to enter an order for relief or to dismiss an involuntary case).

Hammond's involuntary petition was filed against alleged debtor Donald Davis, who is an assistant United States Attorney

---

1. The only changes in this amended opinion are the correction of typographical errors in the original opinion. This was done because the undersigned judge has decided to submit the opinion for publication.

for the Western District of Michigan. Also included in the caption, presumably as a joint alleged debtor, is Honorable Robert Holmes Bell, Chief Judge, United States District Court for the Western District of Michigan.[2]

The papers filed by Hammond to commence this case are largely incomprehensible. When the papers were filed, no filing fee was paid. After filing of Hammond's papers, a deputy bankruptcy court clerk brought the papers to the undersigned judge who has been assigned as the presiding judge in this case.

After a careful review of Hammond's papers, and consideration of other admissible evidence that is capable of judicial notice, the court has determined that it is appropriate, in the interest of justice, to render this opinion and enter an order on its own initiative.

A bankruptcy court may take judicial notice of adjudicative facts. FED. R. EVID. 201. Judicial notice may be taken by a court "whether requested or not." FED. R. EVID. 201(c). Such notice may be taken "at any stage of the proceeding." FED. R. EVID. 201(f).

■ A bankruptcy judge may take judicial notice of the records on file before the court. *Matter of Holly's, Inc.*, 172 B.R. 545, 553 n. 5 (Bankr.W.D.Mich.1994). *See also NCNB Texas National Bank v. Johnson*, 11 F.3d 1260 (5th Cir.1994); *Matter of Woodmar Realty Co.*, 294 F.2d 785 (7th Cir.1961); *Matter of Colorado Corp.*, 531 F.2d 463 (10th Cir.1976).

■ In each judicial district, bankruptcy judges constitute "a unit of the district court to be known as the bankruptcy court for that district." 28 U.S.C. § 151.

Therefore, in appropriate circumstances, a bankruptcy judge may take judicial notice of the district court's files. *St. Louis Baptist Temple, Inc. v. Federal Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir.1979) ("it has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"); *In re Wright*, 187 B.R. 826, 829 (Bankr.D.Conn. 1995) (the bankruptcy court made an independent review and took judicial notice of the contents of the action in the district court's file); *In re Walters*, 176 B.R. 835, 856 n. 12 (Bankr.N.D.Ind.1994) (the bankruptcy court took judicial notice of a file from the district court because the bankruptcy court is a unit of the district court).

This court takes judicial notice of a case file maintained by the United States District Court for the Western District of Michigan, i.e., *United States v. Anderson, et al.*, Case No. 1:01 CR 00175, the "Anderson" case, which was filed on July 26, 2001. In *Anderson*, a criminal case, there are fifteen co-defendants. Hammond is one of those defendants. The presiding judge is Honorable Robert Holmes Bell, Chief Judge of the United States District Court for the Western District of Michigan, "Judge Bell." The attorney for the plaintiff United States is Donald A. Davis, Esq., from the United States Attorney's Office for the Western District of Michigan, "Prosecutor Davis."

■ As disclosed by the *Anderson* district court case file, on July 26, 2001, Hammond was indicted on a number of counts, including conspiracy to defraud the United

---

**2.** In addition to the other procedural deficiencies, some of which are addressed below, the court notes that it is improper to file an involuntary petition against joint alleged debt-

ors. *See e.g. In re Benny*, 842 F.2d 1147 (9th Cir.1988) (the Bankruptcy Code does not contemplate the filing of a joint involuntary petition).

States, creating fictitious obligations intending to defraud, and the making of false statements under the penalty of perjury. (U.S.D.C. Docket 1.) On September 20, 2001, a jury trial was scheduled regarding a number of the co-defendants, including Hammond. (U.S.D.C. Docket 176.) After a continuance was granted by the district court on October 17, 2001 (U.S.D.C. Docket 193), and after a final Pretrial Conference was held on November 19, 2001, a jury trial took place before Judge Bell. That trial lasted eleven days during the period from November 26 to December 12, 2001. Per the Minutes in the district court's docket, the jury rendered its verdict on December 12, 2001.

Hammond was convicted of engaging in a number of illegal activities, including conspiring to defraud the United States and creating fictitious obligations with the intent to defraud. (U.S.D.C. Docket Minutes between docket entries 263 and 264.) Hammond was scheduled to be sentenced on May 21, 2002 at 1:00 p.m. (U.S.D.C. Docket 286.)

Less than three hours before Hammond's sentencing hearing, on May 21, 2002, at 10:46 a.m., the bankruptcy court received Hammond's involuntary petition against Prosecutor Davis and Judge Bell.

The procedural defects of the involuntary petition are numerous. By way of illustration, the information required about the alleged debtors is lacking, the nature of Hammond's alleged claim is not disclosed, and the amount of Hammond's alleged claim is unstated. This material information is required pursuant to Official Bankruptcy Form 5, Involuntary Petition.

Hammond did not pay the requisite filing fee. FED. R. BANKR. PRO. 1006. This failure, standing alone, constitutes sufficient cause for dismissal. 11 U.S.C. § 707(a)(2).

The nearly incomprehensible documents attached to Hammond's involuntary petition, and the gibberish in Hammond's "Complaint" within the involuntary petition, conclusively demonstrate that he has two major goals: (1) to get out of jail and (2) to harass Prosecutor Davis and Judge Bell. To seek to achieve these goals, Hammond is abusing the bankruptcy system.

■ A petitioning creditor must be the "holder of a claim" against the alleged debtor to be eligible file an involuntary petition against the alleged debtor. 11 U.S.C. § 303(b). "Claim" is defined in the Bankruptcy Code. 11 U.S.C. § 101(5). There is absolutely nothing in Hammond's papers which even remotely suggests that he holds any "claim" against Prosecutor Davis or Judge Bell. Therefore, Hammond is not eligible to file an involuntary petition against either Prosecutor Davis or Judge Bell in this case.

The Sixth Circuit Court of Appeals has held it is permissible to dismiss a chapter 7 case for bad faith filing. *In re Zick*, 931 F.2d 1124 (6th Cir.1991) (debtor was in bad faith; under facts of the case, an evidentiary hearing was not required); *cf. In re Trident Assocs. Ltd. Partnership*, 52 F.3d 127 (6th Cir.1995) (chapter 11 case dismissed for lack of good faith; "good faith is an amorphous notion, largely defined by factual inquiry"). Although the Sixth Circuit has not addressed the issue, a number of other circuit courts have upheld chapter 13 cases being dismissed because of bad faith filings. *In re Lilley*, 91 F.3d 491 (3d Cir.1996); *In re Eisen*, 14 F.3d 469 (9th Cir.1994); *In re Gier*, 986 F.2d 1326 (10th Cir.1993); *Matter of Love*, 957 F.2d 1350 (7th Cir.1992) (all upholding dismissals for bad faith filings); *cf. In re Molitor*, 76 F.3d 218 (8th Cir.1996) (upholding conversion of case from chapter 13

to chapter 7 as a result of a bad faith filing).

■ No reported decisions have been found when a bankruptcy court has *sua sponte* dismissed an involuntary petition for a bad faith filing. However, under extraordinary circumstances, such as exist in the present case, such an action is proper. First, 11 U.S.C. § 303(i) permits an award of punitive damages when an involuntary petition is filed in bad faith. Therefore, the Bankruptcy Code expressly contemplates that a bad faith involuntary filing may take place. Second, there is no principled reason to distinguish bad faith filings in involuntary cases from bad faith filings in voluntary cases, whether filed under chapter 7, 11 or 13. Third, this judge believes the bankruptcy court has a duty to dismiss abusive or manipulative cases and it is proper for the court to act, when extreme circumstances exist, on its own initiative. To delay or do nothing would permit a bad faith filer, in this instance a convicted criminal who wants to harass government officials, to drag inculpable individuals, such as the alleged debtors in this case, through illegal mud. See 11 U.S.C. § 105(a) (a bankruptcy court may issue *sua sponte* orders to prevent an abuse of process).

This involuntary petition is nothing more than a convicted criminal's fantasy and should be addressed swiftly. FED. R. BANKR. PRO. 1001 (the Bankruptcy Rules "shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding"). Filing an abusive involuntary petition is not some type of Monopoly game whereby Hammond may attempt to win some sort of "get out of jail free" card.

In chapter 13 cases, an extremely large number of decisions have held that dismissal is warranted when the case is abusively filed. *See* cases cited in Norton Bankruptcy Law & Practice 2d § 125:5 n. 68 (in a number of these reported decisions, the court dismissed the case with a 180 day bar to refile or dismissed the case "with prejudice," meaning the case could not be refiled). Also, in egregious instances, *sua sponte* dismissal is warranted. *Id.* at n. 40.

The court determines the proper disposition of this involuntary bankruptcy petition is to dismiss the case with prejudice. Further, it strongly appears that Hammond may have committed a bankruptcy crime. *See* 18 U.S.C. § 152(2), (3) and perhaps (4). This judge is obligated to report the possibility of Hammond's bankruptcy crimes to the United States Attorney. 18 U.S.C. § 3057. Therefore, a copy of this opinion, a copy of the dismissal order, and a copy of the involuntary petition (with attachments) shall be transmitted to the United States Attorney for the Western District of Michigan in lieu of a formal report.

An order shall be entered accordingly.