**In re Ronald Joseph ALEXANDER,
also known as Ron J. Alexander
II, Debtor.**

**Ronald Joseph Alexander, Appellant,**

v.

**John T. Hardeman, Trustee, and The
Estate of Ronald Austin,
Appellees.**

**BAP No. WO–06–093.
Bankruptcy No. 05–25403–NLJ.**

United States Bankruptcy Appellate Panel
of the Tenth Circuit.

March 13, 2007.

Submitted on the briefs: * Jim King and Adam Eric Miller of Allen & King, P.C., Oklahoma City, OK, for Appellant.

* The parties did not request oral argument, and after examining the briefs and appellate rec-

Jay G. Israel and Howard F. Israel, Oklahoma City, OK, for Appellee Estate of Austin.

Linda Ruschenberg, Oklahoma City, OK, for Appellee John T. Hardeman.

Before McFEELEY, Chief Judge, NUGENT, and McNIFF, Bankruptcy Judges.

## OPINION

McFEELEY, Chief Judge.

Appellant/Debtor Ronald Joseph Alexander ("Debtor") appeals an order of the bankruptcy court of the Western District of Oklahoma. The Debtor argues that the bankruptcy court erred when it allowed a creditor's expert witness to give opinion testimony on hearsay documents and then inappropriately weighed such evidence when it denied confirmation of the Debtor's Chapter 13 plan and dismissed his case. For the following reasons, we affirm.

## I. Background

Appellee, Estate of Austin ("Appellee") won a judgment of approximately $67,171 against Debtor,[1] Ronald Joseph Alexander, for fraud in the District Court of Oklahoma County, Oklahoma.

Debtor filed his Chapter 7 petition on October 11, 2005. At that time, Debtor listed expenses of $983.50 per month and an income of $579.00 per month. The Appellee filed a Complaint seeking to determine the dischargeability of the debt. Subsequently, on Debtor's Motion, the bankruptcy court converted the case to one under Chapter 13 on May 10, 2006. Prior to the conversion, Debtor filed a Chapter 13 plan ("Plan") and amended certain schedules. Debtor amended Schedule F, reducing his unsecured debt from $328,596.00 to $144,317.89. Debtor also amended Schedule J, reducing his expenses to $579.00 and projecting that no funds would be paid into the Plan. On May 16, 2006, the Debtor amended his Plan to reflect payment to unsecured creditors of $1,659.00 and attorney's fees of $1,500.00.

Appellee filed an objection to the Debtor's Plan and a Motion to Dismiss on June 12, 2006. The objection was supported by eleven arguments including: failure to list all assets, lack of good faith, feasibility, and best interest of the creditors. Trustee/Appellee, John T. Hardeman ("Trustee") also objected, arguing that the Plan was not feasible and failed to provide for the secured debt of Tinker Federal Credit Union.

A confirmation hearing was held on August 8, 2006. At the hearing, the Trustee stated that he wished to amend his objection and move to dismiss if there proved to be evidence of unscheduled assets.

At the beginning of the hearing, the court heard argument as to which party had the burden of proof under 11 U.S.C. § 1325(a).[2] Ultimately, the court concluded that the burden was on the Debtor to prove good faith and feasibility. Prior to the hearing there was also a discussion as to who would testify as the Debtor had filed his witness list untimely and the Appellee and Trustee had failed to file one at

---

ord, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. Bankr.P. 8012. The case is therefore ordered submitted without oral argument.

1. The original judgment apparently contained attorney's fees and was approximately $185,000. This was later reduced by the Oklahoma Supreme Court.

2. Future statutory references will be to Chapter 11 of the United States Code unless otherwise noted.

all. Both sides stipulated to allowing the other's witness to testify.

At the hearing there were two witnesses: the Debtor, and Ronald Cooke, a licensed independent insurance adjuster who investigates assets and liabilities. Cooke testified that the Debtor had several pieces of real estate still titled in his name as well as approximately eleven vehicles. None of this property was listed in the Debtor's schedules. Finally, Cooke testified that title for a $42,590 vehicle was transferred by the Debtor on December 2, 2005, after he had filed his Chapter 7 petition. The documents upon which Cooke based his testimony were not admitted because, although they were copies of public records, they had not been properly authenticated.

Closing argument and the court's ruling occurred off the record. On August 10, 2006, the bankruptcy court entered an order entitled "Order of Dismissal" denying confirmation and dismissing the case under § 1307(c). The Debtor timely filed a Notice of Appeal on August 18, 2006.

On August 25, 2006, the Appellee filed a "Motion to Settle Journal Entry of Judgment." The Motion was heard on September 12, 2006. The court stated on the record that he found that the defendant failed to list substantial assets and that he found serious credibility issues with the Debtor and "frankly, didn't believe much of his testimony." On September 12, 2006, the bankruptcy court entered another order entitled "Order Dismissing Debtor's Case for Cause." This order made the following specific findings: the Debtor did not file his Plan in good faith because he failed to list substantial assets; and the dismissal was appropriate under the "best interest of the creditors" test.

The Bankruptcy Appellate Panel of the Tenth Circuit has jurisdiction to decide this appeal. This is an appeal of a final order. The parties have consented to this Court's jurisdiction because they did not elect to have the appeal heard by the United States District Court for the Western District of Oklahoma. 28 U.S.C. § 158(c)(1); Fed. R. Bankr.P. 8001; 10th Cir. BAP L.R. 8001-1.

## II. Discussion

■ Section 1325(a) provides that the court shall confirm a plan if, among other things, "the plan has been proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1325(a)(3). As an initial matter, the Debtor argues that the bankruptcy court erred in allocating the Debtor the burden of proof in establishing his good faith under § 1325(a)(3). The Debtor contends that the bankruptcy court should have adopted the rule employed by some courts that the creditor who raises an objection to the confirmation of a plan under § 1325(a) should be required to bear the initial evidentiary burden of persuasion to show that competent evidence supports the objection. *See, e.g., In re Mendenhall*, 54 B.R. 44 (Bankr.W.D.Ark.1985). In *Mendenhall*, the bankruptcy court reasoned that because an objection to a Chapter 13 plan interrupts the process, and "seeks to change the present state of affairs," the initial burden of persuasion of evidence that confirmation should be denied under § 1325(a) should be on the objecting party. *Id.* at 46.

In contrast, other courts have concluded that the proponent of a Chapter 13 plan has the burden of proof to show that the § 1325(a) tests have been met. *See, e.g., In re Sullivan*, 326 B.R. 204, 211 (1st Cir. BAP 2005) (finding that under § 1325(a)(3) the debtor has the burden of proof while under § 1307(c), the creditor has the burden of proof). The Debtor argues that there is no authoritative Tenth Circuit caselaw on this issue. We disagree. This

Court adopted the reasoning of the second line of cases in *In re Davis*, 239 B.R. 573, 577 (10th Cir. BAP 1999). In *Davis*, this Court concluded that " '[t]he party who seeks discharge under Chapter 13 bears the burden of proving good faith. Best efforts under 11 U.S.C. § 1325(b), without more, are not enough.' " *Id.* at 577 (quoting *Hardin v. Caldwell (In re Caldwell),* 895 F.2d 1123, 1126 (6th Cir.1990)). We are bound by the decisions of other BAP panels. *In re Vaughan,* 311 B.R. 573, 585 (10th Cir. BAP 2004).

While the Debtor acknowledges that ultimately he has the burden of proving good faith, he argues that there is a presumption of his good faith until the objecting party establishes otherwise. We disagree. As noted above, *Davis* states that a debtor's "best efforts without more are not enough." In other words, once there has been an objection, the debtor must produce some affirmative evidence of his good faith. The bankruptcy court did not err when it allocated the burden of proof in accord with *Davis.*

The Debtor next argues that the bankruptcy court erred when it admitted the testimony of the Appellee's expert witness, Cooke. The Debtor argues that Cooke's testimony should not have been admitted in the absence of the documents on which he based his opinions. Following the Debtor's objection to the documents, the bankruptcy court excluded them on the ground that they had not been authenticated and therefore, were not the best evidence of the facts they allegedly supported. Cooke's testimony could not have been persuasive, the Debtor argues, in the absence of these documents.

■ The Federal Rules of Evidence apply in bankruptcy proceedings. Fed. R. Bankr.P. 9017. Purported evidentiary errors are reviewed for abuse of discretion. *United States v. Harmon,* 918 F.2d 115,

118 (10th Cir.1990). When a trial court excludes evidence upon which the offering party properly objected, "we will reverse only if the exclusion is an abuse of discretion that results in 'manifest injustice to the parties.' " *Thompson v. State Farm Fire & Cas. Co.,* 34 F.3d 932, 939 (10th Cir.1994) (citation omitted). To show an abuse of discretion, the Appellants must make a clear showing that they suffered prejudice and that the ruling was "inconsistent with substantial justice" or affected their "substantial rights." *See Coletti v. Cudd Pressure Control,* 165 F.3d 767, 773 (10th Cir.1999); Fed. R. Bankr.P. 9005 (incorporating Fed.R.Civ.P. 61).

■ First, the Debtor contends that Cooke's testimony was inadmissible as "hearsay within hearsay" because Cooke's testimony stemmed from inadmissible documents. Under Federal Rule of Evidence 802 hearsay is not admissible unless there is an exception provided under the rules. There is a hearsay exception within the rules for expert witness testimony. Under Federal Rule of Evidence 703, expert witness testimony may be admissible even in the absence of the documents upon which the witness's testimony is based. Rule 703 provides in relevant part:

> The facts or data in the particular cause upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted.

Fed.R.Evid. 703. Such testimony may serve to prove an ultimate fact. "Under both federal law and Oklahoma law, expert witnesses in civil cases may testify in the

form of an opinion or inference as to ultimate issues to be decided by the trier of fact if the testimony is not otherwise objectionable." *Okland Oil Co. v. Conoco, Inc.,* 144 F.3d 1308, 1328 (10th Cir.1998) (citing Fed.R.Evid. 702, 704; Okla. Stat. tit. 12, §§ 2702, 2704 (1978); *Williams Natural Gas Co. v. Perkins,* 952 P.2d 483, 490 (Okla.1997); *Gabus v. Harvey,* 678 P.2d 253, 255–56 (Okla.1984)).

Here, Cooke testified that after review of relevant documents, he concluded that the Debtor owned several parcels of land and several vehicles that had not been listed on his schedules. Cooke further testified that the documents that he examined were of the kind relied on by other experts in the field. Under Rule 703, Cooke's testimony was admissible and the bankruptcy court did not err in permitting it.

The Debtor next contends that Rule 703 is not applicable because the evidence on which Cooke based his testimony was not of a type reasonably relied on by experts in the particular field. This argument was not made below. At the hearing, Debtor did not object to Cooke's testimony on this or any other basis. An alleged error may be preserved for appeal only when a party makes a proper, timely objection. *See* Fed.R.Evid. 103(a)(1). *United States v. Herndon,* 982 F.2d 1411, 1414 (10th Cir.1992). The Debtor's failure to object to such testimony "constitutes waiver of the issue unless there is plain error resulting in manifest injustice." *Herndon* 982 F.2d at 1414–15; Fed. R.Evid. 103(d).

Under Federal Rule of Evidence 103(d), plain error is that which affects "substantial rights." The plain error wording of Rule 103(d) is taken from Rule 52(b) of the Federal Rules of Criminal Procedure and the standards have been similarly applied in the Tenth Circuit. *See* Fed.R.Evid. 103(d) advisory committee note; *Employers Reinsurance Corp. v. Mid–Continent Cas. Co.,* 358 F.3d 757, 769–70 (10th Cir.2004). "The plain error exception in civil cases has been limited to errors which seriously affect the fairness, integrity or public reputation of judicial proceedings." *Phillips v. Hillcrest Med. Ctr.,* 244 F.3d 790, 802 (10th Cir.2001) (internal quotations omitted). The plain error rule is invoked only in exceptional circumstances. *Id.*

Here the Debtor has not argued any evidence or law that would justify applying the plain error rule. Moreover, there is nothing in the record that would support applying it. We conclude that under these circumstances, the Debtor is not entitled to plain error relief.

Next, the Debtor argues that the bankruptcy court erred when it concluded that the Debtor's Plan was not proposed in good faith as required under § 1325(a)(3). Good faith is evaluated on a "case-by-case basis" by examining the totality of the circumstances. *Flygare v. Boulden,* 709 F.2d 1344, 1347 (10th Cir. 1983) (quoting *In re Estus,* 695 F.2d 311, 315 (8th Cir.1982)). In *Flygare* the Tenth Circuit adopted a nonexhaustive list of eleven relevant factors to guide courts in their determination of good faith. *Flygare,* 709 F.2d at 1347–48 (quoting *In re Estus,* 695 F.2d at 317–18).[3] The bank-

---

**3.** These factors are as follows:

(1) the amount of the proposed payments and the amount of the debtor's surplus;

(2) the debtor's employment history, ability to earn and likelihood of future increases in income;

(3) the probable or expected duration of the plan;

ruptcy court should weigh each factor according to the facts and the circumstances of each case. *Flygare,* 709 F.2d at 1347. The weight given to individual factors will vary with the circumstances of each case. *In re Young,* 237 F.3d 1168, 1175 (10th Cir.2001) (quoting *Flygare,* 709 F.2d at 1348). Whether a Chapter 13 plan has been proposed in good faith is a factual question which is subject to the clearly erroneous standard of review. *In re Robinson,* 987 F.2d 665, 668 (10th Cir.1993). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948).

▉ The Debtor argues that the only basis on which the bankruptcy court could have found bad faith under § 1325(a)(3) was Cooke's testimony.[4] Crediting Cooke's testimony, he argues, was in error because Cooke was not credible.[5] The

Debtor points to his own testimony as supporting evidence for this argument.

▉ We will not weigh the Debtor's testimony against Cooke's. It is not our task to evaluate witness credibility. "[W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." *Anderson v. City of Bessemer,* 470 U.S. 564, 575–76, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). Here, the Debtor has not indicated anything internally inconsistent in the record other than his testimony, nor is there any extrinsic evidence to support his argument. The bankruptcy court was not clearly erroneous when it credited Cooke's testimony over the Debtor's.

▉ Finally, the Debtor argues that the bankruptcy court erred when it dismissed his case without articulating the "best interest of the creditors" test. Sec-

(4) the accuracy of the plan's statements of the debts, expenses and percentage repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court;

(5) the extent of preferential treatment between classes of creditors;

(6) the extent to which secured claims are modified;

(7) the type of debt sought to be discharged and whether any such debt is nondischargeable in Chapter 7;

(8) the existence of special circumstances such as inordinate medical expenses;

(9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act;

(10) the motivation and sincerity of the debtor in seeking Chapter 13 relief; and

(11) the burden which the plan's administration would place upon the trustee.

4. We observe that there is evidence in the record that would also support the following

*Flygare* factors: the amount of the proposed payments and the amount of Debtor's surplus; the accuracy of the Plan's statements of the debts; expenses and percentage repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court; the extent to which secured claims are modified; the type of debt sought to be discharged and whether any such debt is nondischargeable in Chapter 7. The Appellee objected to the Plan on many of these bases. Because the bankruptcy court made no specific findings about these factors, we will not address them further here.

5. We note that the Debtor also argues that the expert witnesses's testimony was inadmissible. We have already addressed this argument *supra* and concluded that the bankruptcy court did not err in admitting the testimony and so will not address this argument further here.

tion 1307(c) provides that on motion by a party in interest or the trustee, the court "may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause...." "Cause" is further defined through a nonexclusive list of eleven factors. 11 U.S.C. § 1307(c)(1)-(11). A Chapter 13 petition filed in bad faith may be dismissed for cause under § 1307(c). *In re Gier*, 986 F.2d 1326, 1329 (10th Cir.1993). Orders dismissing Chapter 13 cases are reviewed for abuse of discretion. The finding of bad faith is reviewed for clear error. *In re Armstrong*, 303 B.R. 213, 218–19 (10th Cir. BAP 2004).

Citing the Ninth Circuit case *In re Nelson*, 343 B.R. 671 (9th Cir. BAP 2006) (following *In re Ho*, 274 B.R. 867, 877 (9th Cir.BAP2002)), the Debtor argues that under § 1307(c), after a finding of bad faith, a bankruptcy court must make a determination as to whether conversion or dismissal is in the best interest of the creditors and of the estate. *Nelson* breaks down § 1307(c) into a two-step process: first, the bankruptcy court must determine if there is cause for dismissing the case; second, the bankruptcy court must determine whether dismissal or conversion is in the best interests of the creditors and the estate. According to the Debtor, the bankruptcy court erred in not applying the second prong of the *Nelson* test by weighing the factors in its findings.

 Nothing in our circuit's case law indicates that the Tenth Circuit would interpret § 1307 in accord with *Nelson*.

In fact, we conclude the opposite. In *Gier*, which is to date the Tenth Circuit's most comprehensive discussion of bad faith vis a vis § 1307, the Tenth Circuit stated that a bankruptcy court may dismiss a case for cause if after considering the totality of the circumstances the court determines that "under the circumstances of the case there has been an abuse of the provisions, purpose, or spirit of [the Chapter]." *Gier*, 986 F.2d at 1329. Here, the record indicates that the bankruptcy court denied plan confirmation under § 1325(a)(3) after concluding that the Plan had been proposed in bad faith because of the omission of several substantial assets. The court also found that dismissing the case was in the best interests of the creditors. Those findings are, under these circumstances and in the absence of any mitigating evidence, a conclusion that the Debtor "abused the provisions, purpose or spirit of [Chapter 13]." Under these circumstances, we conclude that the bankruptcy judge did not abuse his discretion in dismissing this case.

### III. Conclusion

For the reasons set forth above, we affirm the bankruptcy court's Order of Dismissal.