**In re William EISEN, Debtor.**

**William EISEN, Plaintiff–Appellant,**

**v.**

**Nancy CURRY, Trustee, Chapter 13 Trustee, Defendant–Appellee.**

No. 93–55306.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 1993.*

Decided Jan. 14, 1994.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34–4.

**470**

William Eisen, pro se.

Robert B. Parsons, Finer, Kim & Stearns, Torrance, CA, for defendant-appellee.

Before: SNEED, NOONAN, and TROTT, Circuit Judges.

PER CURIAM:

William Eisen appeals a district court judgment. The district court affirmed the bankruptcy court, which dismissed his Chapter 13 petition for being filed in bad faith, and barred him from filing further bankruptcy petitions for 180 days. We affirm and remand to the district court to impose sanctions.

On November 27, 1985 Eisen entered into a contract to sell a duplex to creditor Judith Day. Day filed a state court action on April 24, 1986 seeking to enforce the executory contract. On the eve of trial in the state action, September 19, 1991, Eisen filed his first Chapter 13 petition. In the Chapter 13 plan he listed no interest in the duplex, and

rejected the executory contract. Eisen claimed the property had been sold at a foreclosure sale on March 16, 1990. He also stated that the owner allowed him to live at the duplex and work as a manager. The bankruptcy judge found that Eisen had failed to disclose his relationship with the owner, and his continuing connection to the property. The judge found Eisen had proposed his plan in bad faith, and dismissed the petition on January 14, 1992.

Trial in the state court was reset for March 9, 1992. Eisen filed the Chapter 13 petition that is the subject of this appeal on March 6, 1992. In the plan he listed a contingent interest in the duplex, and again rejected the executory contract.[1]

A Chapter 13 petition filed in bad faith may be dismissed "for cause" pursuant to 11 U.S.C. § 1307(c). *In re Powers*, 135 B.R. 980, 991 (Bankr.C.D.Cal.1991); *In re Love*, 957 F.2d 1350, 1354 (7th Cir.1992); *In re Gier*, 986 F.2d 1326, 1329 (10th Cir.1993). To determine if a petition has been filed in bad faith courts are guided by the standards used to evaluate whether a plan has been proposed in bad faith. 11 U.S.C. § 1325(a)(3); *Powers*, 135 B.R. at 994; *Gier*, 986 F.2d at 1329.

We review for clear error a finding of bad faith. *In re Metz*, 820 F.2d 1495, 1497 (9th Cir.1987). To determine bad faith a bankruptcy judge must review the "totality of the circumstances." *In re Goeb*, 675 F.2d 1386, 1391 (9th Cir.1982). A judge should ask whether the debtor "misrepresented facts in his [petition or] plan, unfairly manipulated the Bankruptcy Code, or otherwise [filed] his Chapter 13 [petition or] plan in an inequitable manner." *Id.* at 1390. "A debtor's history of filings and dismissals is relevant." *In re Nash*, 765 F.2d 1410, 1415 (9th Cir.1985). Bad faith exists where the debtor only intended to defeat state court litigation. *In re Chinichian*, 784 F.2d 1440, 1445–46 (9th. Cir.1986).

The record leaves no doubt that Eisen filed his petition in bad faith. He timed

1. Eisen filed a Chapter 7 petition in 1984. This case was open when he filed his second Chapter 13 petition, yet he failed to disclose the Chapter 7. It is unclear whether he disclosed the Chapter 7 in his first Chapter 13 petition. He also filed a Chapter 11 petition in 1987. This was dismissed in the same year.

the filing to frustrate the state court action with the automatic stay provisions of 11 U.S.C. § 362. He submitted contradictory and misleading descriptions of his interest in the duplex, and failed to disclose an earlier bankruptcy. He filed the second Chapter 13 petition shortly after the first was dismissed for bad faith. The bankruptcy judge properly dismissed the petition under 11 U.S.C. § 1307(c), and 11 U.S.C. § 109(g)(1) required the 180–day bar.

 Eisen's appeals to the district court and to this court were frivolous. Fed. R.App.P. 38 " 'Sanctions are appropriate when the result of an appeal is obvious and the arguments of error are wholly without merit.' " *Mir v. Little Company of Mary Hospital,* 844 F.2d 646, 653 (9th Cir.1988) (quoting *Grimes v. Commissioner,* 806 F.2d 1451, 1454 (9th Cir.1986) (per curiam)). Sanctions also are warranted by 28 U.S.C. § 1927 because his appeals of the bad faith findings multiplied these proceedings "unreasonably and vexatiously." *Wages v. I.R.S.,* 915 F.2d 1230, 1235–36 (9th Cir.1990) (pro se plaintiff sanctioned for bad faith filing). We award creditor Judith Day reasonable attorneys' fees. We remand this case to the district court to calculate and award the amount she incurred opposing Eisen's frivolous and vexatious appeals.

**AFFIRMED** and **REMANDED.**