89 F.3d 844
 78 A.F.T.R.2d 96-5791
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Mark CHRYSON.
Mark CHRYSON, Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-36075.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 7, 1996.*
Decided July 9, 1996.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mark Chryson seeks to appeal pro se the district court's order affirming the bankruptcy court's dismissal of his chapter 13 petition. Chryson failed, however, to file a timely notice of appeal from that order. The notice of appeal that was filed is timely only as to the district court's denial of Chryson's second post-judgment motion. See Wages v. I.R.S., 915 F.2d 1230, 1233-34 n. 3 (9th Cir.1990) (successive post-judgment motion does not affect the finality of a judgment unless the court substantively alters its judgment in response to the motion), cert. denied, 498 U.S. 1096 (1991). Thus, our review is limited to determining whether the district court abused its discretion in denying Chryson's second post-judgment motion. See Barber v. Hawai'i, 42 F.3d 1185, 1198 (9th Cir.1994).
 
 
 3
 There was no abuse of discretion. Both the bankruptcy court and the district court correctly concluded that Chryson filed his petition in bad faith to avoid or delay the payment of federal taxes. Dismissal of a chapter 13 petition based on bad faith is permissible under 11 U.S.C. § 1307(c). See In re Eisen, 14 F.3d 469, 470-71 (9th Cir.1994).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3