MEMORANDUM **
1. Debtor’s due process rights were not violated. Appellee Peggy Cook (“Peggy”) explicitly requested that Debtor’s case be dismissed with prejudice in her objection to confirmation filed September 14, 2001. Peggy briefed the issue of bad faith in that written objection, the ground upon which dismissal with prejudice would be warranted, and offered sworn declarations to support her contentions. Debtor obviously received and read Peggy’s objection (he does not contend otherwise), as he responded to her allegations of bad faith in his memorandum of law in support of confirmation, filed on September 20, 2001. There is therefore no merit to his contention that the Bankruptcy Court’s consideration of dismissal with prejudice at the September 21st hearing and at the continuance of that hearing in early October violated his due process right to notice.
2. The Bankruptcy Court did not clearly err in finding that Debtor proposed his plan in bad faith. In its order dismissing this case, the Bankruptcy Court essentially found that the petition was filed and plan proposed in order to thwart the state court divorce proceedings and to spite Debtor’s “soon-to-be ex-spouse.” These findings are supported by the evidence, most notably the timing of the filing just before the divorce trial was set to commence and just after the judge in the divorce proceedings ordered Debtor to return the funds in the New Jersey Trust to Arizona. See In re Silberkraus, 336 F.3d 864 (9th Cir.2003) (noting in support of a finding of bad faith the debtor’s filing of his petition a mere two days before the state court was to schedule a trial date in a suit against debtor for breach of contract); In re Eisen, 14 F.3d 469, 470 (9th Cir.1994) (“Bad faith exists where the debtor only intended to defeat state court litigation.”); In re Marsch, 36 F.3d 825, 828 (9th Cir.1994) (“[Cjourts have dismissed cases filed for a variety of tactical reasons unrelated to reorganization.”). Debtor offered no evidence to contradict the sworn allegations in the declarations submitted by Peggy and Appellee Ty Simpson chronicling Debtor’s inequitable conduct.[1] Furthermore, the Bankruptcy Court noted that Debtor had dissipated assets and incurred administrative expenses for no *727 good purpose. Again, this finding is supported by the evidence. Debtor incurred substantial post-petition debt without the approval of the Bankruptcy Court and offered no competent evidence to demonstrate that the expenses incurred were either warranted or reasonable.
3. Considering the totality of the circumstances, particularly Debtor’s intent to thwart the state court divorce proceedings and his otherwise egregious behavior, the Bankruptcy Court did not abuse its discretion in ordering dismissal with prejudice. See In re Leavitt, 171 F.3d 1219, 1224-26 (9th Cir.1999).
4. The bankruptcy judge did not exceed his jurisdiction when he ordered that all of Debtor’s future bankruptcy filings be assigned to him. Bankruptcy Courts may “issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [title 11].” 11 U.S.C. § 105(a). The challenged order is “appropriate to carry out the provision[ ]” of title 11 barring the filing of bad faith petitions. Id. As noted by the B.A.P., if at the time of any future filing Debtor feels that he has grounds to request that the judge recuse himself from hearing his case, he may bring a recusal motion.
The Bankruptcy Court’s order is AFFIRMED in all respects. Appellees’ request that this case be remanded to the Bankruptcy Court for an award of sanctions against Debtor and other responsible parties is DENIED.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

. Debtor’s argument that cases addressing the bad faith filing of a petition are inapplicable where the issue is the bad faith proposal of a plan is without merit. See In re Eisen, 14 F.3d at 470 ("To determine if a petition has been filed in bad faith courts are guided by the standards used to evaluate whether a plan has been proposed in bad faith.”). So, too, is *727 his argument that prepetition conduct is irrelevant to the bad faith inquiry. See In re Tucker, 989 F.2d 328, 330 (9th Cir.1993) ("The bankruptcy court must consider the totality of the circumstances, including prepetition conduct, in deciding whether the debtor has ‘acted equitably.’ ’’) (question presented was whether debtors acted in good faith in proposing a Chapter 13 plan).