MEMORANDUM **
Non-party attorney Wing Chiu Ng appeals pro se from the district court’s judgment affirming the bankruptcy court’s orders sanctioning him, and imposing additional sanctions on appeal. We have jurisdiction under 28 U.S.C. §§ 1291 and 158(d). We review for abuse of discretion the sanctions awards, Miller v. Cardinale (In re DeVille), 361 F.3d 539, 547 (9th Cir.2004), and we affirm.
The bankruptcy court’s determination that Ng acted in bad faith by filing the underlying bankruptcy petition for the sole purpose of obstructing a related civil case was not clear error, and the bankruptcy court therefore did not abuse its discretion in sanctioning Ng. See id. at 543-51 (concluding that bankruptcy court has inherent power to sanction attorney who, in bad faith, files bankruptcy-related notices to delay a state court trial).
The district court did not abuse its discretion in imposing additional sanctions against Ng after finding that his appeal was frivolous and taken in bad faith. The appeal unnecessarily and unreasonably multiplied proceedings and lacked valid legal or factual bases. See Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1364 (9th Cir.1994) (per curiam) (explaining that a district court reviewing a bankruptcy court’s sanctions order has power to sanction under Rule 9011); see also Eisen v. Curry (In re Eisen), 14 F.3d 469, 471 (9th Cir.1994) (per curiam) (noting that 28 U.S.C. § 1927 authorizes the award of sanctions against counsel when an appeal is found to be in bad faith because it multiplied proceedings “unreasonably and vexatiously”).
Ng’s motion to vacate or set aside all attorneys’ fee awards is denied because the bankruptcy and district courts considered the proper factors in determining the *185 awards. See Masalosalo by Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 957 (9th Cir.1988) (concluding district court did not abuse its discretion in assessing attorneys’ fee award when the record shows the court considered the relevant factors).
The Gootnieks’ request for fees and costs on appeal is granted. Ng put forth repetitive, confusing, and irrelevant arguments, including tax fraud accusations and bad faith personal attacks on his adversaries and the judges. He repeated arguments that were clearly rejected by the courts below, and made numerous requests for rehearing, to set aside judgments, for an initial en banc hearing, and to vacate or set aside the attorneys’ fee awards. See Fed. Election Comm’n v. Toledano, 317 F.3d 939, 953 (9th Cir.2002) (stating that this court has inherent power to order appellant to pay appellee’s attorneys’ fees on appeal as a sanction for bad faith conduct and abuse of the judicial process); see also In re Eisen, 14 F.3d at 471 (concluding that sanctions are appropriate when the result of an appeal is obvious, the arguments of error are wholly without merit, and a party’s appeals of bad faith findings multiply proceedings unreasonably and vexatiously). The Gootnieks shall file a statement of costs and fees pursuant to 9th Cir. R. 39-1.1, 1.6, and the Trustee may do likewise. The issue of determining the amount of sanctions is referred to the Appellate Commissioner.
Ng’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.