**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: BERENICE CAROL GLOVER, | No. 11-60033 |
| Debtor, | BAP No. OR-10-1217-JuMkH |
| BERENICE CAROL GLOVER, | |
| Appellant. | MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Jury, Markell, and Hollowell, Bankruptcy Judges, Presiding

Submitted August 13, 2013**
San Francisco, California

Before: HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

Berenice Carol Glover pro se appeals from the Bankruptcy Appellate Panel's

("BAP") affirmance of the bankruptcy court's order dismissing her Chapter 13 case

with prejudice and a five-year bar to refiling. Glover has filed eight bankruptcy cases

in Oregon since 1988, and four of those between 2008 and 2010, including the

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

petition that is the subject of this appeal. *See In re Glover*, 2011 WL 3298899 *1 n.2 (9th Cir. BAP 2011) (describing history of bankruptcy filings). Following a hearing, the bankruptcy court noted Glover's extensive bankruptcy history, in which she had "never remotely approached completing a plan in Chapter 13," and then analyzed the factors set forth in *In re Leavitt*, 171 F.3d 1219 (9th Cir. 1999), for dismissing a case with prejudice for bad faith filing. We affirm.

Glover argues that the district court's order must be reversed because the court acted sua sponte in dismissing the case for bad faith, whereas 11 U.S.C. § 1307(c) requires the motion of a party in interest or the United States trustee. However, as the BAP correctly explained, § 1307(c) is not the only source of authority for dismissal, as 11 U.S.C. § 105 clearly authorizes the bankruptcy court to take any action necessary to carry out the provisions of the code and even specifically provides:

> No provision of this title providing for the raising of an issue by a party in interest *shall be construed to preclude the court from, sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105 (a) (emphasis added).

Glover also contends the court abused its discretion by dismissing her case with prejudice, but this argument is also without merit, especially in light of the deferential

2

standard of review given to the bankruptcy court's findings and decision.[1] The district court identified the appropriate legal standard and gave legitimate reasons for finding Glover had filed in bad faith, including: (1) Glover through her frequent filings had "unfairly manipulated the bankruptcy code to prevent creditor activity with which [she] disagree[d]," (2) there was a "pattern of abuse in Chapter 13 where cases are filed, the obligations of the debtor in Chapter 13 never are completed, and the cases have never resulted in a Chapter 13 discharge," (3) in light of the record of motions for relief from stay filed by creditors, the cases "have been filed with the intent to impose a series of stays to prevent strategically creditor foreclosures on the property," and (4) "in light of this history," Glover's behavior was egregious. Glover points to no unconsidered facts that undermine the bankruptcy court's conclusion. The record fully supports the bankruptcy court's decision, and there is no clear error in its factual findings or abuse of discretion in its decision to dismiss with prejudice.

**AFFIRMED.**

---

[1] We review a bankruptcy court's finding of bad faith for clear error, *In re Eisen*, 14 F.3d 469, 470 (9th Cir. 1994), and the decision to dismiss the case for abuse of discretion, *In re Marsch*, 36 F.3d 825, 828 (9th Cir. 1994).