**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**
**OF THE NINTH CIRCUIT**

In re:                      )    BAP No. CC-16-1377-LTaKu

CONCHITA C. ANG,         )    Bk. No. 6:16-bk-16362-MH

          Debtor.       )
_____ )

CONCHITA C. ANG,        )

         Appellant,     )

v.                        )    **M E M O R A N D U M**[*]

PETER CHRISTOPHER ANDERSON,   )
U.S. Trustee; ROD DANIELSON,   )
Esquire, Chapter 13 Trustee;   )
WELLS FARGO BANK, N.A.,     )

         Appellees.     )
_____ )

Submitted Without Argument on July 27, 2017

Filed - August 10, 2017

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Mark D. Houle, Bankruptcy Judge, Presiding
_____

Appearances:    Conchita C. Ang, Appellant, pro se on brief; Ramona D. Elliott, P. Matthew Sutko, John Postulka, Peter C. Anderson and Nancy S. Goldenberg on brief for Appellee Peter C. Anderson, U.S. Trustee; Megan E. Lees of Aldridge Pite, LLP on brief for Appellee Wells Fargo Bank, N.A.; no appearance by Appellee Rod Danielson, Chapter 13 Trustee.
_____

---

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

Before: LAFFERTY, TAYLOR, and KURTZ, Bankruptcy Judges.

## INTRODUCTION

Debtor Conchita C. Ang appeals the bankruptcy court's dismissal of her chapter 13[1] case pursuant to § 1307(c) as a bad faith filing. Because Debtor has not demonstrated that the bankruptcy court abused its discretion in dismissing her case, we AFFIRM.

## FACTS

Debtor filed a skeletal chapter 13 petition and list of creditors on July 18, 2016. Schedules, a plan, and other initial filings were due August 1, 2016. Debtor requested an extension of time to file those documents, which the bankruptcy court denied. Debtor timely filed the required documents on August 1, 2016. On her schedules, Debtor listed Wells Fargo Home Mortgage and Bayview Loan Servicing as her only creditors, and she identified them as nonpriority unsecured creditors with disputed claims. Schedules I and J showed that Debtor had negative disposable income, while the proposed plan called for payments of $99 per month for 60 months.

This case was Debtor's eighth bankruptcy filing since 2009.[2] Five of the previous seven cases were dismissed for failure to file initial documents, one was dismissed for failure to appear at the 341(a) meeting, and one was dismissed under

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

[2] Debtor also filed a chapter 7 case in 1992; documents for that case are not available electronically.

§ 109(g). The following chart details Debtor's prior cases:

| Filing date | Case No. | Reason for dismissal | Date of dismissal |
|---|---|---|---|
| 10/7/2009 | 09-33860-SB (13) | failure to file documents timely | 10/23/2009 |
| 11/4/2009 | 09-36630-SB (13) | failure to file documents timely | 11/30/2009 |
| 1/5/2010 | 10-10206-PC (13) | failure to file documents timely | 1/27/2010 |
| 3/5/2010 | 10-16188-EC (7) | failure to appear at 341(a) meeting | 5/20/2010 |
| 12/14/2010 | 10-50038-CB (13) | failure to file documents timely | 1/6/2011 |
| 12/14/2011 | 11-47560-MJ (13) | failure to file documents timely | 1/5/2012 |
| 8/8/2012 | 12-28439-MH (13) | multiple filings (§ 109(g) bar) | 10/16/2012 |

In view of this history, Appellee Peter C. Anderson, United States Trustee ("UST") filed a motion to dismiss Debtor's case as a bad faith filing and requested the bankruptcy court impose a bar to refiling of up to two years. In support of his motion, the UST cited Debtor's numerous unprosecuted prior filings that he asserted were designed to delay or frustrate creditors' state law remedies.

In response, Debtor asserted she did not intend to file her latest case in bad faith and certainly "never intended to deceive, mislead, or abuse the bankruptcy system." Rather, she maintained she lacked the requisite knowledge and fell victim to unskilled lawyers and "so called experts." She also stated that no filing bar had ever been imposed, even though her 2012 bankruptcy case had been dismissed with a bar to refiling.

As to her current filing, Debtor stated that approximately

-3-

six weeks before she filed, she hired an attorney and, with the attorney's assistance, submitted a loan modification to Wells Fargo, N.A. ("Wells Fargo"), which it denied shortly before its non-judicial foreclosure scheduled for July 19, the day after she filed her bankruptcy petition. Debtor stated that she was forced to file the instant bankruptcy case to "preserve her residence."

Debtor also asserted that in 2009, she entered into a loan modification agreement with Wachovia Mortgage that reduced the principal amount of her mortgage debt. She further stated that despite her repeated demands, Wells Fargo had refused to "validate" the amount she claims as her debt. Debtor stated that she intended to file an adversary proceeding in the bankruptcy case to "challenge and discover the true identity of alleged creditor [Wells Fargo] and to prove that they are attempting to deceive [Debtor], defraud this Court, and attempting to steal [Debtor's] residence." Debtor also pointed out that she had timely filed all of the required documents in the instant bankruptcy case.

Debtor attached to her opposition several unauthenticated documents and a declaration stating that she had filed the bankruptcy case "in good faith and with every sincere intention to continue the Chapter 13 plan, conditional on alleged creditor [Wells Fargo's] ability to prove their standing as THE true legal Creditor with standing to receive payments toward a valid and verified Proof of Claim."

In the meantime, Wells Fargo filed an objection to confirmation of Debtor's proposed chapter 13 plan. It alleged

-4-

that it was the holder of a $960,000 promissory note executed by Debtor in October 2007 that was secured by a deed of trust on Debtor's residence in Redlands, California.[3]  Wells Fargo objected to Debtor's proposed plan on the grounds that (1) the plan did not provide for the cure of a prepetition arrearage of $331,716.40 (which included 82 pre-petition payments); and (2) the plan was not feasible given that Debtor's schedules showed negative disposable income of $1,029.76.

Prior to the hearing on the UST's motion to dismiss, the bankruptcy court issued a tentative decision granting the motion with a 180-day bar to refiling based on a determination that Debtor had filed the case in bad faith.  The court's tentative decision was based on Debtor's multiple bankruptcy filings, the fact that Debtor's schedules indicated she had no disposable income to fund a chapter 13 plan, Debtor's failure to commence an adversary proceeding against Wells Fargo, Debtor's lack of admissible evidence in support of her opposition, and "the lack of any detail in Debtor's declaration other than generic averments of good faith."

At the hearing on September 22, 2016, the bankruptcy court noted that Debtor had not complied with the court's direction to file a written response to the chapter 13 trustee's objections to confirmation by September 15, 2016.[4]  The bankruptcy court

---

[3]According to the objection to confirmation, the original lender was World Savings Bank, FSB, which changed its name to Wachovia Mortgage, FSB on December 31, 2007.  Wachovia merged with Wells Fargo Bank in 2009.

[4]No formal objection to confirmation by the chapter 13
(continued...)

also noted that Debtor had not paid Wells Fargo since 2009, instead using the bankruptcy process to stop Wells Fargo's foreclosure efforts. After permitting Debtor to argue at length, the court adopted its tentative ruling as final. An order dismissing the case with a 180-day bar to refiling was entered on October 12, 2016, and Debtor timely appealed.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Did the bankruptcy court abuse its discretion in dismissing Debtor's chapter 13 case?

**STANDARD OF REVIEW**

We review the bankruptcy court's dismissal of a chapter 13 bankruptcy case for abuse of discretion. Ellsworth v. Lifescape Medical Assoc., P.C. (In re Ellsworth), 455 B.R. 904, 914 (9th Cir. BAP 2011) (citing Leavitt v. Soto (In re Leavitt), 171 F.3d 1219, 1224 (9th Cir. 1999)). To determine whether the bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court identified the correct legal rule to apply to the relief requested and (2) if it did, whether the bankruptcy court's

[4](...continued)
trustee appears on the bankruptcy court docket. The docket reflects that the initial confirmation hearing took place on September 1, 2016. Based on comments made at the September 22 hearing, it appears that the trustee raised its objections at the September 1 hearing, including an allegation that Debtor's debts exceeded the § 109(e) limits.

-6-

application of the legal standard was illogical, implausible or without support in inferences that may be drawn from the facts in the record. United States v. Hinkson, 585 F.3d 1247, 1261-62 & n.21 (9th Cir. 2009) (en banc). If the bankruptcy court did not identify the correct legal rule, or its application of the correct legal standard to the facts was illogical, implausible, or without support in inferences that may be drawn from the facts in the record, then the bankruptcy court has abused its discretion. TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

## DISCUSSION

## A. Preliminary Matter - Appellee's Motion to Strike Extra-Record Materials

Debtor attached several exhibits to her reply brief, including amended Schedules I and J. Those amended schedules were never filed in the bankruptcy court and thus were not before the bankruptcy court when it considered the motion to dismiss. The UST filed with the BAP clerk a motion to strike those documents on grounds that they were not part of the record in the bankruptcy court. The UST also moved to strike any argument in the reply brief that relied upon the improperly submitted documents.

As a reviewing court, we do not consider papers not filed with or admitted into evidence by the bankruptcy court. See Graves v. Myrvang (In re Myrvang), 232 F.3d 1116, 1119 n.1 (9th Cir. 2000); Kirshner v. Uniden Corp. of Am., 842 F.2d 1074, 1077 (9th Cir. 1988). Accordingly, the UST's motion to strike is GRANTED.

-7-

**B. The bankruptcy court did not abuse its discretion in dismissing Debtor's chapter 13 case.**

Under § 1307(c), a bankruptcy court, upon request of a party in interest and after notice and a hearing, may dismiss a chapter 13 case for "cause." The statute lists 11 enumerated grounds for dismissal. Although not specifically listed, bad faith is "cause" for dismissal under § 1307(c). Leavitt v. Soto (In re Leavitt), 171 F.3d 1219, 1224 (9th Cir. 1999) (citing Eisen v. Curry (In re Eisen), 14 F.3d 469, 470 (9th Cir. 1994)). In determining whether dismissal is warranted for bad faith, the bankruptcy court is to consider the totality of the circumstances. Id. Specifically, the court is to consider:

(1) whether the debtor misrepresented facts in his petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed his chapter 13 petition or plan in an inequitable manner;

(2) the debtor's history of filings and dismissals;

(3) whether the debtor only intended to defeat state court litigation; and

(4) whether egregious behavior is present. Id.

The bankruptcy court need not find fraudulent intent to conclude that a case was filed in bad faith. Id.

Here, the bankruptcy court considered (1) Debtor's history of numerous skeletal filings, noting that the Debtor had not adequately explained why she failed to prosecute those filings; (2) Debtor's schedules, which showed she had no disposable income to fund a chapter 13 plan; (3) Debtor's failure to commence an adversary proceeding against Wells Fargo, despite alleging that Wells Fargo lacked standing to enforce the

-8-

promissory note secured by a deed of trust on Debtor's real property; (4) Debtor's failure to present admissible documentation in support of her opposition to the UST's motion; and (5) the lack of any detail in Debtor's declaration other than generic averments of good faith.[5]

Debtor argues that the bankruptcy court should not have dismissed her case because (1) she filed all the required documents in the instant case; (2) the UST filed a false declaration claiming that Debtor had failed to file schedules; (3) her multiple prior filings did not prove she acted in bad faith; (4) the bankruptcy court combined the hearings on confirmation and the UST's motion to dismiss without notice, posted a tentative "prejudicial" decision before reviewing all evidence and hearing all testimony, and failed to give Debtor advance notice of the tentative; and (5) the bankruptcy court refused to admit and review supporting documents Debtor had filed in response to the UST's motion to dismiss and Wells Fargo's objection to confirmation.[6]

Debtor's arguments do not support the conclusion that the bankruptcy court abused its discretion in dismissing her case. First, the bankruptcy court did not dismiss the case for Debtor's failure to file documents. Twice during the hearing on

---

[5]Although the bankruptcy court did not make an explicit finding that the case had been filed to thwart foreclosure ("only to defeat state court litigation"), the record – including Debtor's own declaration – supports such a finding.

[6]Debtor included declarations with her opening and reply briefs. However, as noted, we do not consider evidence that was not before the bankruptcy court when it ruled.

-9-

the motion to dismiss, the bankruptcy court explicitly acknowledged that Debtor had timely filed the required documents and stated that it was not basing its decision on a failure to do so.  Hr'g Tr. (Sept. 22, 2016) at 20:21-21:5; 30:1-14.

Second, a debtor's history of filings and dismissals is a salient factor in determining bad faith.  In re Leavitt, 171 F.3d at 1224.  Debtor did not sufficiently explain her prior numerous unprosecuted filings.  She provided no admissible documentary evidence in opposition to the motion to dismiss, and her declaration testimony was conclusory and implausible.  Although Debtor alleged that her numerous bankruptcy filings were due to bad advice, the bankruptcy court found that after having several cases dismissed for failure to file documents, this explanation was implausible.  Additionally, in making its bad faith finding, the bankruptcy court considered Debtor's lack of disposable income to fund a plan and her failure to take any steps to determine whether Wells Fargo was the creditor to whom she should be making her mortgage payments despite having disputed Wells Fargo's standing for seven years.

Third, Debtor's arguments that the bankruptcy court combined the hearings on confirmation and the motion to dismiss without notice and failed to give her advance notice of the tentative were not raised in the bankruptcy court and are therefore waived.  See Concrete Equip. Co. v. Virgil Bros. Constr., Inc. (In re Virgil Bros. Constr., Inc.), 193 B.R. 513, 520 (9th Cir. BAP 1996).  In any event, these arguments are not supported by the record.  Debtor was served with notice of the September 22 hearing on the motion to dismiss, and she appeared

-10-

at that hearing. She was also served with notice of the original confirmation hearing on September 1, and it is apparent from the transcript of the September 22 hearing that she appeared at the September 1 hearing at which the bankruptcy court continued the matter to September 22. Hr'g Tr. (Sept. 22, 2016) at 5:11-6:20. Moreover, the bankruptcy court gave Debtor an opportunity to read the tentative decision and permitted her to argue extensively thereafter.

Finally, Debtor has not demonstrated that the bankruptcy court erred in not considering the documentary evidence she submitted in support of her opposition to the motion to dismiss and Wells Fargo's objection to confirmation. None of the documents attached to Debtor's oppositions were properly authenticated. And Wells Fargo's objection to confirmation was not adjudicated at the September 22 hearing because it was mooted by the court's ruling on dismissal.

In Debtor's reply brief, she argues that she does not have negative income and attaches amended schedules to prove it. However, as discussed above, those schedules were never filed in the bankruptcy court and were not before the bankruptcy court when it ruled. As noted, we do not consider papers not presented to the bankruptcy court in the first instance, and we are granting the UST's motion to strike those exhibits. Debtor also argues that Wells Fargo's proof of claim, which was filed after the bankruptcy court ruled, does not support its claim. Again, this proof of claim was not before the bankruptcy court when it ruled, and in any event, any determination regarding Wells Fargo's claim would not have occurred in the context of

-11-

the motion to dismiss. Debtor also complains that Wells Fargo filed a joinder in this appeal without notice; Debtor, however, listed Wells Fargo's counsel as a party in interest in her notice of appeal. More importantly, she has not explained how Wells Fargo's joinder is prejudicial to her. The joinder states only: "PLEASE TAKE NOTICE that Appellee, Wells Fargo Bank, N.A., hereby joins in Co-Appellee, Peter C. Anderson, United States Trustee's Opening Brief." Thus, the joinder does not raise any issues beyond those addressed in the UST's brief.

We need not address the bankruptcy court's imposition of a six-month bar to refiling. That period expired April 12, 2017. Accordingly, the issue is moot. <u>Fernandez v. GE Capital Mortgage Servs. (In re Fernandez)</u>, 227 B.R. 174, 178 (9th Cir. BAP 1998).

## CONCLUSION

Debtor has not shown that the bankruptcy court abused its discretion in dismissing her chapter 13 case as a bad faith filing. Accordingly, we AFFIRM.