**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: ALELI A. HERNANDEZ, | No. 17-60044 |
| Debtor, | BAP No. 16-1228 |
| ——————————————— | |
| ASSET MANAGEMENT HOLDINGS, LLC, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| ALELI A. HERNANDEZ, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Faris, and Lafferty III, Bankruptcy Judges, Presiding

Argued and Submitted February 7, 2019
Pasadena, California

Before: WARDLAW and BEA, Circuit Judges, and MURPHY,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

Asset Management Holdings (AMH) appeals the decision of the Bankruptcy Appellate Panel (BAP) affirming the bankruptcy court's denial of AMH's motion to dismiss Debtor's Chapter 13 petition on eligibility grounds. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We affirm.

1. AMH argues that the bankruptcy court erred by not counting AMH's lien against Debtor for the purposes of determining eligibility under 11 U.S.C. § 109(e). AMH is mistaken.

In *In re Scovis*, the plaintiffs listed a $100,000 homestead exemption on their filing schedules. 249 F.3d 975, 979 (9th Cir. 2001). Although that exemption enabled them to avoid a portion of their creditor's lien at some time in the future—i.e., after filing for Chapter 13 proceedings—the court held that the bankruptcy court could consider it, because the effect of the exemption was "readily ascertainable." *Id.* at 984. Here, Debtor valued AMH's unsecured junior lien at $0 in her schedules and stated that she planned on filing a motion to avoid it. The parties do not contest that the value of Debtor's property was eclipsed by the first priority lien, nor do they contest that AMH's lien could be modified pursuant to 11 U.S.C. § 1322(b)(2). *See In re Zimmer*, 313 F.3d 1220, 1222 (9th Cir. 2002). Therefore, the bankruptcy court was correct to conclude that Debtor was eligible for Chapter 13 bankruptcy because lien avoidance was "readily ascertainable." *See*

2

*also In re Groh*, 405 B.R. 674, 678 (Bankr. S.D. Cal. 2009) ("*Scovis* makes very clear that events like obvious lien avoidance should be considered in determining a debtor's eligibility.").

AMH's arguments to the contrary are unpersuasive. AMH's assertion that the plain language of 11 U.S.C. § 109(e) counsels otherwise is, at bottom, a plea to overrule *Scovis*. AMH's claim that this case is controlled by *Johnson v. Home State Bank*, 501 U.S. 78 (1991), ignores that *Johnson* had nothing to do with eligibility. *See also In re Sandrin*, 536 B.R. 309, 318 (Bankr. D. Colo. 2015) ("[T]he *Johnson* holding . . . gives no guidance as to proper valuation of the allowed claim . . . for purposes of 11 U.S.C. § 109(e) eligibility . . . ."). And AMH's attempt to analogize this case to *In re Quintana* (*Quintana II*), 915 F.2d 513 (9th Cir. 1990), and *In re Davis* (*Davis II*), 778 F.3d 809 (9th Cir. 2015), ignores that those cases arose from Chapter 12 bankruptcy proceedings, not Chapter 13.

2. AMH also argues that the bankruptcy court erred in concluding that Debtor filed her petition in good faith. AMH is wrong.

The relevant factors for determining bad faith are:

(1) whether the debtor misrepresented facts in his petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed his Chapter 13 petition or plan in an inequitable manner;

3

(2) the debtor's history of filings and dismissals;

(3) whether the debtor [intended only] to defeat state court litigation; and

(4) whether egregious behavior is present.

*In re Blendheim*, 803 F.3d 477, 499 (9th Cir. 2015) (internal citations and quotation and alteration marks omitted). To determine bad faith, "a bankruptcy judge must review" these factors according to the "totality of the circumstances." *In re Eisen*, 14 F.3d 469, 470 (9th Cir. 1994) (citation omitted).

None of the relevant factors are present here. There is no evidence in the record of misrepresentation, serial bankruptcy filings, filings to defeat state court litigation, or egregious behavior. And while AMH urges the court to find that filing for Chapter 13 bankruptcy after a prior Chapter 7 discharge is bad faith *per se*, that conclusion is unsupported by the Bankruptcy Code and the case law. As the Supreme Court said in *Johnson*, "Congress has expressly prohibited various forms of serial filings." 501 U.S. at 87. The "absence of a like prohibition on serial filings of Chapter 7 and Chapter 13 petitions, combined with the evident care with which Congress fashioned these express prohibitions, convinces us that Congress did not intend categorically to foreclose the benefit of Chapter 13 reorganization to a debtor who previously has filed for Chapter 7 relief." *Id.*

**AFFIRMED**.