FILED

APR 13 2023

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

### UNITED STATES BANKRUPTCY APPELLATE PANEL
### OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>JOHN EARL ERICKSON,<br>　　　　　　Debtor. | BAP No. WW-22-1186-GFB<br><br>Bk. No. 2:22-bk-10784-TWD |
| JOHN EARL ERICKSON,<br>　　　　　　Appellant,<br>v.<br>JASON WILSON-AGUILAR, Chapter 13<br>Trustee,<br>　　　　　　Appellee. | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Western District of Washington
Timothy W. Dore, Bankruptcy Judge, Presiding

Before: GAN, FARIS, and BRAND, Bankruptcy Judges.

### INTRODUCTION

Chapter 13[1] debtor John Earl Erickson ("Debtor") appeals the

bankruptcy court's order dismissing his case with a two-year bar to

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

refiling. Debtor argues the court erred as a matter of law by denying confirmation of his chapter 13 plan because he was attempting a cure under § 1322(b)(2), not a prohibited modification. He maintains the court violated his right to due process by relying on an additional basis for dismissal, without notice, and erred by finding bad faith to dismiss the case with a two-year bar. The bankruptcy court correctly applied the law, and its factual finding of bad faith is well supported by the record. We AFFIRM.

## FACTS[2]

### A. Prepetition events

Debtor and his non-filing spouse, Shelley Ann Erickson, own real property in Auburn, Washington (the "Property"), which serves as their primary residence. The Property was encumbered by a deed of trust in favor of Deutsche Bank National Trust ("Deutsche Bank") based on a 2006 promissory note in favor of Long Beach Mortgage Company in the original

---

[2] We exercise our discretion to take judicial notice of documents electronically filed in Debtor's bankruptcy case. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003). Debtor requests that we take judicial notice of documents filed in the current case, as well as documents filed in the Ericksons' prior bankruptcy cases and state court cases, and documents relating to post-dismissal actions to foreclose and sell their residence. We take judicial notice of the existence of documents filed in the prior cases, but we do not take judicial notice of the truth of such documents. *See Credit All. Corp. v. Idaho Asphalt Supply, Inc. (In re Blumer)*, 95 B.R. 143, 146-47 (9th Cir. BAP 1988). Because the post-dismissal documents do not render this appeal moot and were not before the bankruptcy court, we do not consider them.

amount of $476,000. The Ericksons have not made payments on the loan since 2009.

In 2010, the Ericksons filed suit in state court against Long Beach Mortgage Company, Washington Mutual Bank, and Chase Bank as agent for Deutsche Bank, seeking to stop a foreclosure. They asserted various quiet title and injunctive relief claims, arguing that the defendants could not produce the original note and lacked standing to foreclose. After the case was removed to the United States District Court for the Western District of Washington (the "District Court"), the District Court granted summary judgment and dismissed the action with prejudice. *Erickson v. Long Beach Mortg. Co.*, Case No. 10-1423 MJP, 2011 WL 830727, at *2-7 (W.D. Wash. Mar. 2, 2011). The District Court denied the Ericksons' motion for reconsideration, and the Ninth Circuit affirmed. *Erickson v. Long Beach Mortg. Co.*, 473 F. App'x 746 (9th Cir. 2012).

In 2015, Deutsche Bank obtained a judgment and decree of foreclosure. The Washington Court of Appeals affirmed the foreclosure judgment, holding the Ericksons were barred by collateral estoppel from relitigating whether Deutsche Bank lacked standing to foreclose.[3]

Shortly after a sheriff's levy was recorded in 2018, Debtor and Ms. Erickson filed a joint chapter 13 case. The Ericksons did not propose to treat Deutsche Bank's secured claim, and instead proposed a loan

---

[3] The court also held that Deutsche Bank was entitled to foreclose because it had presented an original, signed note, endorsed in blank.

modification. The bankruptcy court denied confirmation and granted the chapter 13 trustee's motion to dismiss.

After a second sheriff's levy was recorded, the Ericksons filed a state court complaint seeking to set aside the foreclosure judgment. The state court issued a temporary restraining order halting the foreclosure but denied preliminary injunctive relief. In May 2019, one day prior to the scheduled sale, Ms. Erickson filed a second chapter 13 petition.

The bankruptcy court denied confirmation of Ms. Erickson's plan and subsequently granted the trustee's motion to dismiss because Ms. Erickson lacked income to fund a plan that would permit her to retain the Property. Ms. Erickson appealed, and we affirmed. *Erickson v. Wilson-Aguilar (In re Erickson)*, BAP Nos. WW-19-1251-FSTa, WW-19-1277-FSTa, 2020 WL 2849930 (9th Cir. BAP May 29, 2020).

While the state court action to set aside the foreclosure was pending, Debtor filed a second chapter 13 case in November 2019. He filed a plan but did not propose to treat Deutsche Bank's secured claim which he disputed. The bankruptcy court denied confirmation, and Debtor proposed an amended plan, again without proposing to treat Deutsche Bank's secured claim. The bankruptcy court denied confirmation and ultimately granted the trustee's motion to dismiss the case in March 2020.

In June 2020, the state court granted Deutsche Bank's motion for summary judgment, dismissing with prejudice the Ericksons' claims to set aside the foreclosure judgment. The Ericksons appealed, the Washington

4

Court of Appeals affirmed, and the Washington Supreme Court denied review.

In December 2021, again shortly after a sheriff's levy was recorded, Ms. Erickson filed a third chapter 13 petition. She failed to file required schedules, statements, or a plan, and the court dismissed the case in January 2022. A month later, Debtor filed a chapter 11 petition, but he failed to file required documents, and the court dismissed the case. After a new sheriff's levy was recorded, Debtor filed the present chapter 13 case in May 2022.

## B.    Debtor's bankruptcy case and chapter 13 plan

Debtor scheduled the Property with a value of $1,500,000 and listed Deutsche Bank as a secured creditor with a disputed claim for $957,403.56. Deutsche Bank filed a proof of claim evidencing a secured claim of $1,124,570.50 based on the foreclosure judgment.

Debtor filed a plan, proposing payments of $221.71 and full payment of priority and unsecured claims. The plan did not provide for regular payments to Deutsche Bank. Debtor proposed to avoid the security interest and stated that "newly discovered evidence" showed that the original note was forged and the deed of trust may be void. The plan noted that Debtor had listed the Property for sale, and it provided that "[i]n the event that the sale of the [Property] provides more than the amount of the disputed secured claim which might not be allowed, Debtor will pay 100% of all other allowed claims."

5

Deutsche Bank objected to confirmation, arguing the plan failed to comply with § 1325(a)(5). Deutsche Bank also asserted the plan improperly sought to modify the rights of a holder of a claim secured by Debtor's residence in violation of §§ 1325(a)(1) and 1322(b)(2). Finally, it contended Debtor's history of filings and the plan's failure to provide an adequate method of payment or cure indicated that Debtor did not file the plan in good faith, and Debtor could not demonstrate an ability to make necessary payments.

Chapter 13 trustee Jason Wilson-Aguilar ("Trustee") also objected to confirmation and argued: (1) Debtor did not file the petition or plan in good faith; (2) Debtor may be ineligible for chapter 13 relief; (3) Debtor did not properly serve the plan; (4) Debtor failed to file income tax returns as required by § 1308; (5) the plan improperly sought to limit the secured claim or avoid the lien; (6) the plan made no provision for a claim secured by his vehicle; (7) Debtor did not provide a liquidation analysis; (8) the plan was not feasible because full payment of priority and unsecured claims would require monthly plan payments of $2,781, and a proposed sale of the Property at the listed price of $1,490,000 was unlikely; and (9) the plan did not appropriately treat the Deutsche Bank claim because it did not require a sale of the Property or provide a deadline by which a sale must occur, and it seemed to indicated that Debtor would not pay the claim from sale proceeds.

Debtor responded to the objections, again questioning the amount of Deutsche Bank's claim and its authority to enforce the debt. He asserted that the petition and plan were filed in good faith and part of his good faith obligation was to ascertain the validity of the purported secured claim, and that his total secured claims were within the limits of § 109(e). Because he conceded that several of Trustee's other objections were valid, he requested an opportunity to file an amended plan and suggested that an amended plan would provide for a sale of the Property within fifteen months of confirmation.

## C.  Trustee's motion to dismiss and the court's ruling

Concurrent with the objection to confirmation, Trustee filed a motion to dismiss the case with a four-year bar to refiling. Trustee attached evidence outlining the Ericksons' prior bankruptcies and litigation efforts and argued that the present case was the latest chapter in a twelve-year scheme to delay Deutsche Bank's efforts to exercise its rights against the Property. Trustee noted that Debtor had not made a mortgage payment for thirteen years and instead sought unsuccessfully to challenge the validity of the debt.

Trustee contended that Debtor's plan to sell the Property for $1,490,000 was speculative, and based on projected commissions and costs, a sale would not yield sufficient proceeds to pay the claim. He argued that Debtor filed the petition and plan in bad faith and was continuing to contest the Deutsche Bank claim. Additionally, Trustee argued that Debtor

7

was not making a meaningful effort to pay other creditors, and neither Debtor's income nor his proceeds from a speculative sale were sufficient to pay creditors as proposed or make the plan feasible.

In response, Debtor filed a request for accommodations for disabilities based on a hearing deficit and visual impairment and requested that Ms. Erickson be allowed to facilitate communications with the court. He opposed the motion to dismiss and argued he was attempting not to thwart Deutsche Bank's collection efforts but to establish whether it was legitimately entitled to receive payments. According to Debtor, Deutsche Bank continued to refuse his requests for a forensic examination of the original note, which he claimed contained an unauthorized endorsement.

The court conducted a hearing on plan confirmation and the motion to dismiss. In addition to the procedural defects acknowledged by Debtor, the bankruptcy court determined that the plan was not confirmable for several substantive reasons including: (1) failure to include a secured claim on Debtor's vehicle; (2) violation of the anti-modification provisions with respect to Deutsche Bank's claim; (3) an unspecified liquidation value; and (4) insufficient plan payments to support feasibility. The court determined that Debtor was within the debt limits of § 109(e), and it stated its intent to set deadlines for an amended plan pending the outcome of the motion to dismiss.

After hearing argument on the motion to dismiss, the court asked Debtor if he disputed the litigation history provided by Trustee. Ms. Erickson responded:

> I'm not sure how to answer that. I'm not too sure how my husband would know how to answer that either. We've been just diligently trying to make sure that we're paying the right creditor. We haven't been afforded the investigation on the note to know who we're paying the right creditor to [sic]. And so we've tried to do this through the court and pay off the proper creditor through the courts. And so far, we've been unsuccessful. It's not that we're not trying to pay the our [sic] debts, and it's not that we're trying to avoid a debt that we feel we owe. We're trying to make sure that we pay a debt that we do owe to the right person.

*Hr'g Tr*. 14:5-16, June 20, 2022. The court informed the Ericksons that the validity of the debt was determined by the state court when it entered the foreclosure judgment, and the bankruptcy court was required to take state court judgments at face value.

The bankruptcy court reasoned that the history of prior bankruptcy filings, which were all dismissed without confirmation, demonstrated bad faith. The cases were filed in response to adverse rulings in state court and were designed to delay foreclosure. As an additional basis for dismissal, the court determined there was unreasonable delay prejudicial to creditors. Debtor's proposal to sell the Property was not sufficient to demonstrate good faith because, the court held, Debtor had already tried to sell it for six months without an offer and could not confirm a plan that allowed a year

9

or more to sell the Property without violating the anti-modification provisions of the Code.

After considering the totality of circumstances and employing the two-step approach outlined by *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, (9th Cir. 1999), the bankruptcy court decided that dismissal with a two-year bar to refiling was warranted. The court entered written orders denying confirmation and dismissing the case.

Debtor filed a motion for reconsideration of the dismissal order. He argued that the court erred by denying him requested disability accommodations and by improperly attempting to extract a factual stipulation and construing Ms. Erickson's answer as a concession that Trustee's facts were uncontroverted. Debtor further argued that the court denied him due process by including unreasonable delay prejudicial to creditors as an independent and separate basis to dismiss. Debtor claimed his conduct was in good faith, and Deutsche Bank's proof of claim, which was filed after the confirmation objections, provided new evidence demonstrating it did not have an enforceable claim.

The bankruptcy court entered a written order denying the motion for reconsideration. This timely appeal followed.

### JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court err by denying confirmation of Debtor's chapter 13 plan?

Did the bankruptcy court abuse its discretion by dismissing Debtor's chapter 13 case with a two-year bar to refiling?

Did the bankruptcy court err by denying Debtor's motion for reconsideration?

## STANDARDS OF REVIEW

We review for abuse of discretion a bankruptcy court's decision concerning confirmation of a chapter 13 plan. *Bank of Am. Nat'l Tr. & Savs. Ass'n v. Slade (In re Slade)*, 15 B.R. 910, 913 (9th Cir. BAP 1981). We also review for abuse of discretion a bankruptcy court's decision to dismiss a case with a bar to refiling, *In re Leavitt*, 171 F.3d at 1223; *Duran v. Gudino (In re Duran)*, 630 B.R. 797, 807 (9th Cir. BAP 2021), and its ruling on a motion for reconsideration, *Determan v. Sandoval (In re Sandoval)*, 186 B.R. 490, 493 (9th Cir. BAP 1995).

A bankruptcy court abuses its discretion if it applies an incorrect legal standard or its factual findings are illogical, implausible, or without support in the record. *TrafficSchool.com v. Edriver, Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

Debtor argues that the bankruptcy court violated his due process rights by not giving him notice that it could dismiss the case based on unreasonable delay prejudicial to creditors. We review this aspect of the

11

decision de novo. *See HSBC Bank USA, Nat'l Ass'n v. Blendheim (In re Blendheim)*, 803 F.3d 477, 497 (9th Cir. 2015). Under de novo review, "we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. 2014).

## DISCUSSION

**A.    The bankruptcy court did not err by denying confirmation.**

Debtor argues the bankruptcy court erred by denying confirmation because his plan did not propose to modify Deutsche Bank's rights and instead proposed to "cure" the default through a proposed sale. Debtor does not address the numerous other substantive and procedural deficiencies in his plan which support denial of confirmation. We would affirm on this basis alone. Additionally, though we agree that curing a default through a chapter 13 plan does not constitute modification of the creditor's interests, Debtor's plan did not propose a cure.

Section 1322(b)(3) permits a chapter 13 plan to "provide for the curing or waiving of any default." The right to cure applies to a default on a debt secured by a debtor's principal residence, and a plan that provides for such a cure does not violate the anti-modification prohibition of § 1322(b)(2). *See Frazer v. Drummond (In re Frazer)*, 377 B.R. 621, 628 (9th Cir. BAP 2007). And though the debt was reduced to judgment for foreclosure, § 1322(c)(1) permits a debtor to cure a default with respect to a lien on the debtor's principal residence "until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law."

12

In his Opening Brief, Debtor acknowledges "[h]e cannot 'modify' the terms for repayment; he can only 'cure' by payment in full." His plan vaguely proposed a sale of the Property, but it did not propose to treat Deutsche Bank's claim by paying it in full. Instead, it sought to avoid the security interest and suggested Debtor would sell the Property, then contest Deutsche Bank's claim based on "newly discovered evidence" pertaining to the original note.

To satisfy confirmation requirements, a plan must treat secured claims in accordance with § 1325(a)(5) by obtaining acceptance of plan treatment from the secured creditor, surrendering the property securing the claim, or providing for plan distributions in accordance with § 1325(a)(5)(B). Debtor's plan proposed to sell the Property without payment of the claim, which is neither a "cure" of the default nor adequate treatment of the claim under § 1325(a)(5). The bankruptcy court correctly determined that Debtor's plan violated the anti-modification provision of chapter 13 because a sale of the Property without payment of Deutsche Bank's secured claim necessarily affected its rights.

**B.  The bankruptcy court did not abuse its discretion by dismissing the case with a two-year bar to refiling.**

A chapter 13 petition filed in bad faith constitutes "cause" to dismiss under § 1307(c). *In re Leavitt*, 171 F.3d at 1224; *Eisen v. Curry (In re Eisen)*, 14 F.3d 469, 470 (9th Cir. 1994). "To determine if a petition has been filed in bad faith courts are guided by the standards used to evaluate whether a

plan has been proposed in bad faith." *In re Eisen*, 14 F.3d at 470. Both determinations require the court to consider the "totality of the circumstances." *Id.*

Section 349(a) provides that dismissal is ordinarily without prejudice, but the bankruptcy court may, for cause, order otherwise. The statute "necessarily confers judicial discretion to impose a wide variety of consequences of dismissal" including temporary and permanent bars to refiling. *In re Duran,* 630 B.R. at 809. "[B]ad faith is 'cause' for a dismissal of a Chapter 13 case with prejudice under § 349(a) and § 1307(c)." *In re Leavitt*, 171 F.3d at 1224.

Bad faith for purposes of § 349(a) does not require fraudulent intent by the debtor but requires the court to consider under the totality of the circumstances:

> (1) whether the debtor misrepresented facts in his petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed his petition or plan in an inequitable manner;
> (2) the debtor's history of filings and dismissals;
> (3) whether the debtor only intended to defeat state court litigation; and
> (4) whether egregious behavior is present.

*Id.* (cleaned up).

Debtor primarily argues that the court erred by dismissing the case with a two-year bar to refiling because it did so under incorrect provisions of the Code and denied Debtor due process by indicating an additional basis for dismissal. Both arguments are meritless.

14

Debtor erroneously assumes that, because Trustee cited § 105(a) in his motion to dismiss, the bankruptcy court acted under that provision. The record is clear that the bankruptcy court employed the analysis articulated in *Leavitt* for dismissal with prejudice for bad faith. First, the court found that Debtor's bad faith was "cause" to dismiss under § 1307(c).[4] The court then considered the *Leavitt* factors and determined that Debtor's long history of multiple bankruptcy cases, filed in response to adverse state court rulings, dismissed without confirmation, and designed to delay foreclosure constituted bad faith for purposes of § 349(a). The evidence provided by Trustee amply supports the court's finding of bad faith. *See Ellsworth v. Lifescape Med. Assocs., P.C. (In re Ellsworth)*, 455 B.R. 904, 914 (9th Cir. BAP 2011) ("[W]hen a bankruptcy court makes factual findings of bad faith to support dismissal of a chapter 13 case, we review those findings for clear error.").

Debtor's due process argument is similarly unavailing. Due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank &*

---

[4] The bankruptcy court did not expressly state that dismissal, rather than conversion, was in the best interests of the estate and creditors, but the record is clear that the court reached that conclusion. It held that Debtor's bankruptcy filings were designed to frustrate Deutsche Bank's foreclosure efforts. The court stated that it could not set aside adverse state court rulings and reasoned that state court was the appropriate forum for the Ericksons' claims. Thus, dismissal was in the best interests of Deutsche Bank and the estate.

*Tr. Co.*, 339 U.S. 306, 314 (1950). An alleged due process violation cannot constitute reversible error unless the party asserting the violation can demonstrate prejudice. *See Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764, 776-77 (9th Cir. 2008), *partially abrogated on other grounds as recognized by Nichols v. Marana Stockyard & Livestock Mkt., Inc. (In re Nichols)*, 10 F.4th 956, 962 (9th Cir. 2021).

Debtor had adequate notice that the court was considering dismissal, and he had an opportunity to be heard. The bankruptcy court ruled that unreasonable delay prejudicial to creditors was an independent basis for dismissal, but it was not necessary to the court's decision; Debtor's bad faith alone was sufficient. Thus, even if Debtor did not have notice that the court would consider an additional basis for dismissal, such lack of notice was not prejudicial.

## C. The bankruptcy court did not abuse its discretion by denying Debtor's motion for reconsideration.

Debtor's motion for reconsideration constituted a timely motion to alter or amend the judgment under Civil Rule 59(e), made applicable by Rule 9023. *Heritage Pac. Fin., LLC v. Montano (In re Montano)*, 501 B.R. 96, 112 (9th Cir. BAP 2013). Relief under Civil Rule 59(e) should not be granted unless the court is presented with newly discovered evidence, committed clear error, or if there has been an intervening change in the controlling law. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). A party may not use a Civil Rule 59(e) motion to present a new legal theory

16

for the first time, to raise legal arguments which could have been made in connection with the original motion, or to rehash the same arguments already presented. *Wall St. Plaza, LLC v. JSJF Corp. (In re JSJF Corp.)*, 344 B.R. 94, 103 (9th Cir. BAP 2006), *aff'd and remanded*, 277 F. App'x 718 (9th Cir. 2008).

Debtor did not meet this standard. He claimed that the court improperly relied on a factual stipulation and denied him due process by dismissing the case, neither of which was necessary to the court's decision.[5] Debtor's purported newly discovered evidence was not relevant to the court's decision to dismiss the case for bad faith. It pertained instead to whether Deutsche Bank holds an enforceable claim—an issue decided multiple times by the state court and not subject to a different ruling by the bankruptcy court. *See, e.g., Gruntz v. Cnty. of L.A. (In re Gruntz)*, 202 F.3d 1074, 1078 (9th Cir. 2000) (en banc) ("[F]ederal district courts have no authority to review the final determinations of a state court in judicial proceedings." (cleaned up)). The bankruptcy court did not abuse its discretion by denying Debtor's motion for reconsideration.

---

[5] The bankruptcy court independently verified the factual history provided by Trustee, which consisted almost entirely of matters of public record, and Debtor did not contest the factual history in his written response. As discussed above, Debtor had notice that the court was considering dismissing the case for bad faith and Debtor was not prejudiced by the court's additional basis for dismissal.

**CONCLUSION**

Based on the foregoing, we AFFIRM the court's orders denying confirmation, dismissing Debtor's bankruptcy case with a two-year bar to refiling, and denying his motion for reconsideration.