NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: KAHTAN BAYATI, | No. 15-60073 |
| Debtor, | BAP No. 14-1310 |
| _____ | |
| KAHTAN BAYATI, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| WILLIAM MUSHARBASH; et al., | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Dunn, and Taylor, Bankruptcy Judges, Presiding

Submitted April 11, 2017[**]

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Kahtan Bayati appeals pro se from the Bankruptcy Appellate Panel's

("BAP") judgment affirming the bankruptcy court's orders granting Town Square

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

M Properties LLC's motion for relief from the automatic stay and denying Bayati's motion for reconsideration. We review de novo the question of mootness. *Suter v. Goedert*, 504 F.3d 982, 985 (9th Cir. 2007). We dismiss.

During the pendency of this appeal, the bankruptcy court entered an order dismissing Bayati's bankruptcy case, which Bayati appealed to the BAP. The BAP affirmed the bankruptcy court's dismissal order and Bayati did not appeal the BAP's judgment. We dismiss this appeal as moot because there is no longer any case or controversy and we lack power to grant any effective relief. *See* 11 U.S.C. § 362(c)(2)(B); *Castaic Partners II, LLC v. Daca-Castaic, LLC (In re Castaic Partners II, LLC)*, 823 F.3d 966, 969 (9th Cir. 2016) ("In a bankruptcy appeal, when the underlying bankruptcy case is dismissed and that dismissal is allowed to become final, there is likely no longer any case or controversy . . . ."); *Armel Laminates, Inc. v. Lomas & Nettleton Co. (In re Income Prop. Builders, Inc.)*, 699 F.2d 963, 964 (9th Cir. 1982) ("Once the bankruptcy was dismissed, a bankruptcy court no longer had power to order the stay or to award damages allegedly attributable to its vacation. A remand by us to the bankruptcy court would therefore be useless.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Bayati's motion "to submit highlights of the oral argument in a short written

form" (Docket Entry No. 26) is denied.

**DISMISSED.**